BELLA POLLACK, Respondent, v. BENI POLLACK, Appellant.— In an action for separation in which an order was made on May 23, 1968 directing (a) judgment to be entered in favor of plaintiff for arrears in temporary alimony and support and (b) plaintiff, as receiver and sequestrator, to sell certain real property at public auction, defendant appeals from an order of the Supreme Court, Queens County, dated April 17, 1972, which (1) granted plaintiff's motion to confirm her sale of said property and to authorize her to deliver a deed to the purchaser, (2) confirmed her intermediate account as of January 13, 1972, (3) authorized her to deduct from defendant's share of the proceeds of the sale all of the expenses of the sale as set forth in the intermediate account, (4) directed her to pay to herself the balance of defendant's share in the proceeds of the sale, in accordance with said order dated May 23, 1968, (5) directed her to file a supplemental account within 30 days after the closing of title and (6) denied defendant's cross motion to modify the order of May 23, 1968. Order modified, on the law, by (1) deleting therefrom the fourth and fifth decretal paragraphs, which confirm the intermediate account and authorize deductions from defendant's share of the proceeds of the sale, and (2) adding thereto a provision directing that a hearing be held at Special

Term on the issues as to the amount due and owing by defendant under the orders dated October 15, 1965 and December 29, 1965 and as to the reasonableness of the expenses sought to be charged against defendant's share of the proceeds of the sale as set forth in schedules B and C of the intermediate account. As so modified, order affirmed, with $10 costs and disbursements to plaintiff. We are of the view that the sale of the premises fully complied with the order of May 23, 1968. However, that order authorized plaintiff, as receiver, to charge, against defendant's interest in the proceeds of the sale, alimony and support accruing after January 31, 1968, pursuant to two 1965 orders dealing with temporary alimony and support. On January 14, 1969, a decree of separation was entered directing defendant to pay permanent alimony and support. Accordingly, it superseded the 1965 orders and as of that date any alimony and support that accrued were under the separation decree and not the temporary alimony and support orders. Thus, plaintiff is entitled to deduct from defendant's share only the sums relating to temporary alimony and support which accrued during the period January 31, 1968, to January 13, 1969. This would require a change in item (c) of schedule C of the intermediate account. At the hearing hereby ordered, defendant will be entitled to question the reasonableness of those items sought to be charged against his share of the proceeds in schedules B and C of the account. Hopkins, Acting P. J., Latham, Shapiro, Gulotta and Christ, JJ., concur.