OPINION OF THE COURT
Memorandum.
Order of the Appellate Division affirmed, with costs. Proximate cause and foreseeability are relative terms, "nothing *952 more than a convenient formula for disposing of the case” (Prosser, Law of Torts [4th ed], § 43, p 267). In writing of the "orbit of the duty”, Chief Judge Cakdozo said "[t]he range of reasonable apprehension is at times a question for the court, and at times, if varying inferences are possible, a question for the jury” (Palsgraf v Long Is. R. R. Co., 248 NY 339, 345). So it is with proximate cause and foreseeability (compare Sheehan v City of New York, 40 NY2d 496, 502-503, and Rivera v City of New York, 11 NY2d 856, with Pagan v Goldberger, 51 AD2d 508, 511-512).
Although the negligence of the automobile renter, defendant Kinney, is manifest, and was, of course, a "cause” of the accident, it was not the proximate cause. "What we do mean by the word 'proximate’ is, that because of convenience, of public policy, of a rough sense of justice, the law arbitrarily declines to trace a series of events beyond a certain point” (Palsgraf v Long Is. R. R. Co., 248 NY 339, 352, supra [Andrews, J., dissenting]). The immediately effective cause of plaintiff’s injuries was the negligence of Maldonado, the driver of the second car, in striking plaintiff while he was standing behind his parked automobile. That Kinney’s negligence in providing an automobile with a defective trunk lid would result in plaintiff’s repeated attempts to close the lid was reasonably foreseeable. Not "foreseeable”, however, was the collision between vehicles both parked a brief interval before the accident. Plaintiff was standing in a relatively "safe” place, a parking space, not in an actively traveled lane. He might well have been there independent of any negligence of Kinney, as, for example, if he were loading or unloading the trunk. Under these circumstances, to hold the accident a foreseeable consequence of Kinney’s negligence is to stretch the concept of foreseeability beyond acceptable limits (see Prosser, Law of Torts [4th ed], pp 267-270; Restatement, Torts 2d, § 435, subd 2).