■ CARLETHA BRIDGES, Respondent-Appellant, v RIVERBAY CORPORATION, Appellant, and AUTH ELECTRIC COMPANY, INC., Respondent. — Judgment of the Supreme Court, Bronx County (A. Orlando, J., and a jury), entered February 28, 1983, in favor of plaintiff in the sum of $1,000,000, and dismissing plaintiff's action as against defendant Auth Electric Company, Inc., is unanimously modified, on the law, to reverse the judgment against defendant Riverbay Corporation, and otherwise affirmed, without costs. ¶ Plaintiff was a resident of Co-op City, a cooperative housing project. On July 4, 1979, at about 9:00 P.M., an unidentified person rang the doorbell of plaintiff's apartment. When plaintiff approached and asked who was there, no one responded, but she heard someone running from the door. She looked through the "peephole" or eyeviewer installed in the apartment door and a firecracker exploded causing her serious injury including the loss of vision of her left eye. Plaintiff brought this action against defendant Riverbay Corporation, the manager of the development, and defendant Auth, the manufacturer of the eyeviewer. ¶ Plaintiff's evidence at the trial against Riverbay basically was that it failed to take reasonable security precautions, in violation of section 405.00 of the Penal Law, and in encouraging the use of firecrackers on the Greenways of Co-op City, the nearest of which was a block from plaintiff's building. However, section 405.00 of the Penal Law, which requires the obtaining of a permit for "public displays of fireworks" and sets forth the content of the application, the procedures for obtaining it, and the bonding requirements to secure against damage, was inapplicable to the facts presented herein. Defendant Riverbay never conducted a "public display" of fireworks but merely permitted individuals who wished to use fireworks to celebrate Independence Day to do so solely in the parks of Co-op City known as the "Greenways". ¶ Plaintiff had the burden of showing a causal connection between defendant's alleged tolerance of firecrackers on the Greenways and the independent assault which caused her injury. This she failed to do. The immediately effective cause of her injuries was the intervening criminal act of the unknown person who ignited the firecracker at the peephole of her door. There was no evidence that this criminal act was reasonably foreseeable or that the alleged toleration of fireworks by defendant on the Greenways was the proximate cause of the injuries to plaintiff (see *Nallan v Helmsley-Spear, Inc.*, 50 NY2d 507; *Ventricelli v Kinney Systems Rent A Car*, 45 NY2d 950). Concur — Sandler, J. P., Asch, Lynch and Kassal, JJ.