■ PATRICIA F. BAKER, Individually and as Executrix of EDWARD C. BAKER, Deceased, Appellant, v SPORTSERVICE CORPORATION et al., Respondents, et al., Defendants.—Order and judgment unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: Plaintiff Patricia Baker, executrix of the estate of Edward Baker, appeals from Special Term's grant of summary judgment dismissing this wrongful death action against defendants Sportservice Corp. (Sportservice) and Niagara Sanitation Company, Inc. (Niagara Sanitation). Plaintiff's decedent, who was delivering dry ice to Sportservice, was crushed to death when his truck rolled forward in the loading dock area and pinned him against a 4-inch-by-4-inch beam affixed to the cinder-block wall of the loading dock. The loading dock area

was about 10 feet wide, as a result of the placement of a large dumpster, leased by Sportservice from Niagara Sanitation, in about one half of the loading area. The loading dock sloped upward about six inches toward the rear, at approximately a two-degree angle. When decedent's body was discovered, the truck's engine was running, the transmission was in neutral and the emergency brake, although operable, was not engaged. Plaintiff's complaint against Sportservice alleges, in substance, that Sportservice was negligent by failing to provide plaintiff's decedent with a safe place to unload. Plaintiff's complaint against Niagara Sanitation, in substance, alleges that it negligently placed its dumpster, allowing the area where plaintiff's decedent was working to be dangerously obstructed.

The evidence before Special Term reveals that Niagara Sanitation owned the dumpster that it leased to Sportservice. Sportservice decided where the dumpster would be placed; Niagara Sanitation did not control the placement decision, but could disapprove a particular location if the dumpster could not be serviced easily in that spot. Under these circumstances, Special Term properly granted summary judgment dismissing plaintiff's action against Niagara Sanitation.

We find, however, that questions of fact exist to preclude a grant of summary judgment to Sportservice. Sportservice, as occupier of the premises, owed decedent, whose presence was foreseeable, the duty of reasonable care under the circumstances (*Basso v Miller,* 40 NY2d 233). The evidence reveals that Sportservice allowed only 10 feet of space within which trucks could make deliveries, that decedent's truck was eight feet wide, that a 4-inch-by-4-inch beam jutted out from the wall of the loading dock, further reducing the clearance, that the dock sloped upward toward the rear, that no signs or warnings were placed to warn persons making deliveries of either the slope or the limited unloading space, and that no safety devices were provided by Sportservice. Given these facts, whether Sportservice fulfilled its duty of reasonable care presents a question best left to a trier of fact.

Special Term found, as a matter of law, that even if Sportservice breached its duty to plaintiff's decedent, this breach was not the proximate cause of the accident. Sportservice contends that the accident was caused by decedent's conduct in leaving the truck in neutral, failing to engage the truck's emergency brake, and failing to use chock blocks, and not by the configuration of the loading dock area. Sportservice further points out that decedent was thoroughly familiar with

this loading dock area, having successfully delivered dry ice to Sportservice on numerous occasions in the past.

To establish proximate cause, a plaintiff must show that "defendant's negligence was a substantial cause of the events which produced the injury" *(Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315; see also, Kush v City of Buffalo, 59 NY2d 26, 32-33)*. "Plaintiff need not demonstrate, however, that the precise manner in which the accident happened, or the extent of injuries, was foreseeable" *(Derdiarian v Felix Contr. Corp., supra, at 315)*. Further, even though plaintiff's allegedly negligent conduct may have intervened between defendant's conduct and plaintiff's injuries, defendant is not automatically absolved from liability. "In such a case, liability turns upon whether the intervening act is a normal or foreseeable consequence of the situtation created by the defendant's negligence" *(Derdiarian v Felix Contr. Corp., supra at 315; Ventricelli v Kinney Sys. Rent A Car, 45 NY2d 950, 952)*. Plaintiff's negligence must be more than mere contributory negligence. "Rather, such conduct, in addition to being unforeseeable, must rise to such a level of culpability as to replace the defendant's negligence as the legal cause of the accident" *(Mesick v State of New York, 118 AD2d 214, 218, lv denied 68 NY2d 611)*. Questions concerning what is foreseeable are generally left to a jury to determine *(Derdiarian v Felix Contr. Corp., supra, at 315)*.

In the present case, it was necessary for the decedent to lower the tailgate of his truck manually using controls located at the rear of the vehicle. To operate those controls, the truck had to be in neutral. Whether plaintiff's conduct in forgetting to engage the emergency brake was foreseeable and sufficiently culpable to replace defendant's alleged failure to provide a safe place for trucks to unload are questions of fact for a jury's determination. Consequently, the order and judgment are modified by denying the motion of defendant Sportservice for summary judgment, and otherwise affirmed. (Appeal from order and judgment of Supreme Court, Erie County, Fudeman, J.—summary judgment.) Present—Callahan, J. P., Doerr, Green, Balio, and Davis, JJ.