■ TIMOTHY McMORROW, Appellant, v KAREN TRIMPER et al., Respondents, et al., Defendants.—Judgment reversed on the law without costs, motion of defendants Trimper denied, and jury verdict reinstated. Memorandum: Plaintiff commenced this action to recover damages for personal injuries suffered when he plunged from a bridge to a roadway below. On the evening of December 9, 1983, plaintiff was a passenger in an automobile owned by defendant Robert Trimper and operated by defendant Karen Trimper in a southerly direction on Route 400 in the Town of Aurora. It was dark, the sky was overcast and a wet snow was falling. As Trimper approached a curved bridge section of Route 400, she lost control of the vehicle and hit a guardrail on the right side of the highway. The vehicle then spun around, crossed over the southbound lanes and its left front came to rest against a guardrail on the left side of the bridge. During this chain of events, plaintiff's head struck the car window and he suffered a cut on his forehead. The bridge on which the Trimper automobile came to rest carried the southbound lanes of Route 400 over Route 16. The northbound lanes of Route 400 proceeded along another bridge located to the east.

Defendant Frederick Pries was traveling behind the Trimper vehicle and witnessed the accident. He stopped to offer assistance. He placed his automobile in front of Trimper's and parked it at an angle with the right rear portion protruding onto the highway. After plaintiff, Trimper and Pries had exited their respective vehicles, an automobile driven by defendant Bonnie Sterry collided with both the Trimper and Pries vehicles. Sterry and a passenger exited the car, but then Sterry reentered and moved her car to the front of the Pries vehicle. As she was doing so, the lights of another vehicle were observed moving toward the scene, and plaintiff, Trimper, Pries and Sterry's passenger rushed toward the guardrail for safety. Plaintiff yelled "Look out!", pushed Trimper toward the south and jumped over the guardrail. He fell between 70 and 100 feet to the highway below and was seriously injured. The entire sequence of events consumed approximately five minutes. Plaintiff testified that he believed that the northbound and southbound lanes of Route 400 were part of one

bridge, that he went over the guardrail to avoid being crushed against the rail and that when he did so, he thought he was jumping onto the northbound section of the bridge.

Upon finding that the negligence of defendants was the proximate cause of plaintiff's injuries, the jury apportioned liability as follows: 33% to defendants Trimper, 23% to defendant Sterry, 36% to defendant Pries, and 8% to plaintiff. The total amount of damages awarded was $175,000.

All defendants moved for judgment notwithstanding the verdict. Supreme Court denied the motions of defendants Pries and Sterry, but granted the motion of defendants Trimper and dismissed plaintiff's complaint against them. The court found that Karen Trimper's negligence was remote in time and was not a proximate cause of plaintiff's injuries, and that plaintiff's injuries were not a foreseeable consequence of Karen Trimper's conduct. We disagree, reverse the order and reinstate the jury's verdict against defendants Trimper.

A jury verdict may be set aside and judgment granted as a matter of law pursuant to CPLR 4404 (a). For a court to conclude as a matter of law that a jury verdict is not supported by sufficient evidence, it must appear "that there is simply no valid line of reasoning and permissible inferences which could possibly lead rational men to the conclusion reached by the jury on the basis of the evidence presented at trial." *(Cohen v Hallmark Cards,* 45 NY2d 493, 499.) If the evidence is such "that it would not be utterly irrational for a jury to reach the result it has determined upon * * * the court may not conclude that the verdict is as a matter of law not supported by the evidence" *(supra,* at 499).

Applying those principles, we conclude that it was error to grant the Trimpers' motion and dismiss the complaint against them. On this record the jury could rationally have found that Karen Trimper was negligent in her operation of a motor vehicle and that there was a causal connection between her negligence and plaintiff's injuries. It is not required that the defendant foresee the exact manner in which her negligence will result in injury *(see, Williams v State of New York,* 308 NY 548, 556); it is enough that some injury to plaintiff was foreseeable as a result of her negligence *(see, Mace v Ryder Truck Rental,* 55 AD2d 432, 436-437 [Sweeney, J., dissenting], *revd for reasons stated in dissenting opns* 43 NY2d 814 [Koreman, P. J., and Sweeney, J.]). Moreover, Trimper's actions were not so "remote in time" from plaintiff's injury as to preclude recovery as a matter of law. The entire incident,

including the ultimate injury to plaintiff, occurred within minutes of the initial single-car accident. Finally, the acts of plaintiff and others at the scene following the initial accident were not extraordinary under the circumstances and thus should not be viewed as superseding acts which, as a matter of law, break the causal link *(see, Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315, *rearg denied* 52 NY2d 784). Thus viewed, the jury verdict against defendants Trimper is one which rational jurors could have rendered on the evidence.

All concur, except Doerr and Davis, JJ., who dissent and vote to affirm, in the following memorandum.

Doerr and Davis, JJ. (dissenting). We respectfully dissent. The trial court correctly granted defendants' motion for judgment notwithstanding the verdict because defendants' negligence was not the proximate cause of plaintiff's injuries as a matter of law. Plaintiff's act of jumping from the bridge was an intervening act "divorced from and not the foreseeable risk associated with the original negligence" *(Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 316, *rearg denied* 52 NY2d 784). Defendants' negligence, if any, merely furnished "the occasion for an unrelated act to cause injuries not ordinarily anticipated" *(Derdiarian v Felix Contr. Corp., supra,* at 316; *see also, Ventricelli v Kinney Sys. Rent A Car,* 45 NY2d 950, 952, *mod* 46 NY2d 770; *Sheehan v City of New York,* 40 NY2d 496, 503-504). (Appeal from judgment of Supreme Court, Erie County, Wolf, J.—negligence.) Present—Dillon, P. J., Callahan, Doerr, Green and Davis, JJ.