■ RICHARD IGLESIAS, Appellant, v TOWNHOUSE PENTHOUSE INDUSTRIES et al., Respondents.—Judgment unanimously reversed on the law without costs and new trial granted. Memorandum: Plaintiff purchased a sofabed manufactured by defendant Townhouse Penthouse Industries (Townhouse). On one occasion when plaintiff opened the sofabed, a spring detached and fell onto the floor. Plaintiff attempted to fix the bed himself. As he was lying underneath the bed attempting to reattach the spring, the spring "let go" and struck him in the eye, causing serious injury. Plaintiff commenced this action seeking damages for his injuries against Townhouse and Hickory Springs Manufacturing Company, Inc. (Hickory), which produced the folding bed mechanism. The complaint alleged causes of action in negligence, strict products liability, breach of warranty, and failure to warn. At the close of the proof, the trial court dismissed the strict products liability, breach of warranty, and failure to warn causes of action, and the case went to the jury on a negligence theory. The jury found that Hickory was not negligent, that Townhouse was negligent, but that the negligence of Townhouse was not the proximate cause of plaintiff's injuries.

We agree with plaintiff's argument that the court should have granted his request to instruct the jury on intervening causes. Defendants argued, *inter alia,* that plaintiff's own actions caused his injuries. It is well settled that plaintiff's own conduct can be an intervening cause, sufficient to replace defendant's negligence as the legal cause of plaintiff's injuries *(see, Mercado v Vega,* 77 NY2d 918, 920; *Kriz v Schum,* 75 NY2d 25; *Howard v Poseidon Pools,* 72 NY2d 972; *McMorrow v Trimper,* 149 AD2d 971, 973, *affd* 74 NY2d 830; *Baker v Sportservice Corp.,* 142 AD2d 991, 993; *Mesick v State of New York,* 118 AD2d 214, 218, *lv denied* 68 NY2d 611). In such a case, however, defendant is absolved from liability only if plaintiff's intervening act is not " 'a normal or foreseeable consequence of the situation created by the defendant's negligence' " *(Baker v Sportservice, supra,* at 993, quoting *Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315; *see also, Kush v City of Buffalo,* 59 NY2d 26, 33; *Bjelicic v Lynned Realty Corp.,* 152 AD2d 151, *appeal dismissed* 75 NY2d 947). Here to find that plaintiff's action was the sole cause of his injuries, the jury had to determine whether plaintiff's action was an intervening, superseding cause. The jury, however, was not given the instructions necessary to make that determination. Moreover, the issue of proximate cause was a critical one for the jury, at least concerning Townhouse, because it re-

quested reinstruction on proximate cause and ultimately found that Townhouse was negligent, but that its negligence was not the proximate cause of plaintiff's injuries *(see, Bjelicic v Lynned Realty Corp., supra)*. In our view, the failure of the trial court to instruct the jury on the principle of intervening causes prevented the jury from fairly considering the proximate cause issue and requires reversal. We have examined the remaining issues raised by plaintiff and find them to be lacking in merit. (Appeal from Judgment of Supreme Court, Erie County, Gorski, J.—Negligence.) Present—Callahan, J. P., Boomer, Pine, Fallon and Doerr, JJ.