■ TIMOTHY J. WILLIAMS, Appellant, v CITY OF NEW YORK, Respondent, et al., Defendant. [602 NYS2d 856] —Order, Supreme Court, New York County (Leland DeGrasse, J.) entered September 18, 1992, granting summary judgment to defendant City of New York dismissing the complaint, unanimously affirmed, without costs.

Plaintiff, having fished in the Pepacton Reservoir from dusk until midnight, parked his car on a shoulder of the access road to the reservoir, owned by the City, and fell asleep. A few hours later, a car driven by an apparently intoxicated driver ran off the road, hit plaintiff's car, driving his car into another parked car, causing him severe injuries. Plaintiff contends that the City owed him a duty of care to have prohibited parking in that location, to have installed guardrails on that side of the road, and to have installed designated parking areas for persons who boated or fished in the reservoir.

Plaintiff argues that the City breached that duty, and that such breach was the proximate cause of his injuries, and that this accident was foreseeable.

The City of New York owns and maintains the Pepacton Reservoir in Delaware County. This reservoir is maintained for the primary purpose of ensuring a supply of pure drinking water (Administrative Code of City of NY § 24-302). Though incidental uses such as fishing are provided for by statute (Administrative Code §§ 24-326, 24-359) and the City also is required to provide access to such reservoirs (Administrative Code § 24-326), there is no statutory duty requiring the designation of parking areas and, in fact, the City properly observes that designated parking areas within the reservoir's watershed area would be antithetical to the City's goal of maintaining water quality. The City neither permits nor prohibits roadside parking.

We agree with the IAS Court that the City had neither a duty of care to take steps to prevent roadside parking, nor to install designated parking areas. Although incidental recreational uses of this and other reservoirs are preserved by statute, this body of water was not maintained for recreational uses, but for ensuring the supply of pure drinking water. As such, we find no duty on the City to provide for parking areas. Nor did the City owe a duty of care to plaintiff to prevent him from parking on the road's shoulder. Finally, there is no evidence that the state of the roadbed itself was a factor which contributed to this accident, and given that the third-party driver careened off the road, we find the City's parking policies or lack thereof, were no more than a condition under which the accident occurred, rather than its legal cause *(see, Sheehan v City of New York,* 40 NY2d 496, 503; *Ventricelli v Kinney Sys. Rent A Car,* 45 NY2d 950). Concur—Rosenberger, J. P., Wallach, Kupferman and Nardelli, JJ.