■ MICHAEL GOODMAN, Respondent, v GENERAL MOTORS CORORATION, Appellant, et al., Defendant. [652 NYS2d 626] —In an action to recover damages for personal injuries, the defendant General Motors Corporation appeals from (1) an order of the Supreme Court, Nassau County (Ain, J.), dated September 22, 1995, which, upon a jury verdict finding it to be 5% at fault in the happening of the accident, denied its motion pursuant to CPLR 4404 for judgment as a matter of law, or in the alternative, to set aside the verdict and for a new trial, and (2) so much of an interlocutory judgment of the same court (Murphy, J.), dated December 29, 1995, as found it to be at fault in the happening of the accident.

Ordered that the interlocutory judgment is reversed insofar as appealed from, on the law, the complaint is dismissed insofar as it is asserted against the defendant General Motors Corporation, and the action is severed as to the remaining defendant; and it is further,

Ordered that the appeal from the order is dismissed as academic in light of our determination of the appeal from the interlocutory judgment; and it is further,

Ordered that the appellant is awarded one bill of costs.

On March 29, 1980, at approximately 4:30 A.M., the defendant Nancy Cunningham's decedent, Kevin Cunningham (hereinafter Cunningham), was driving his station wagon home in a heavy rain. While driving southbound on Broadway in Massapequa Park, Cunningham crossed over into the northbound lane. Cunningham's vehicle struck and seriously injured the plaintiff while he was in the roadway unloading newspapers from the rear of his 1966 Chevrolet van. The plaintiff's van, which was designed by the defendant General Motors Corporation (hereinafter GM), was facing south, i.e., the wrong way, while double parked in the northbound lane. In his deposition, Cunningham stated that he did not see the plaintiff or his van until after he struck both. The evidence adduced at trial also indicated that Cunningham had been drinking alcohol that night and subsequently pleaded guilty to driving while impaired.

The plaintiff commenced the instant action against, among others, GM, alleging that the design of its 1966 van was defective. Specifically, the plaintiff argued that the van, which was meant for delivery work, had inadequate rear lighting, in that its rear lights were blocked when the rear doors were fully open.

After a jury trial, GM was found to be 5% at fault in the happening of the accident. Cunningham was found to have been 65% at fault and the plaintiff 30% at fault.

In our view, the complaint must be dismissed insofar as asserted against GM.

The evidence adduced at trial indicates that the plaintiff was essentially a pedestrian who was standing at the rear of his van in order to unload newspapers when he was hit from behind by Cunningham's car. Under these circumstances, the van's alleged design defect was not, as a matter of law, a proximate cause of the plaintiff's injuries. Rather, the sole proximate causes, i.e., the "immediately effective causes", of the plaintiff's injuries were Cunningham's impaired condition and careless driving combined with the plaintiff's own negligence in standing in a traveling lane in the dark (see, *Ventricelli v Kenny Sys. Rent A Car,* 45 NY2d 950, 952; *Sheehan v City of New York,* 40 NY2d 496; *Santiago v New York City Hous. Auth.,* 101 AD2d 735, *affd* 63 NY2d 761). To hold GM liable on these facts "is to stretch the concept of foreseeability beyond acceptable limits" *(Ventricelli v Kenny Sys. Rent A Car, supra,* at 952).

Accordingly, the complaint is dismissed insofar as asserted against GM. Mangano, P. J., Bracken, Copertino and Pizzuto, JJ., concur.