■ Budh Duggal, Appellant, v St. Regis Hotel, Respondent. [695 NYS2d 602] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Nastasi, J.), entered August 28, 1998, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

On July 16, 1994, the plaintiff, a limousine driver, was loading luggage into the trunk of his limousine parked in a designated loading zone in front of the defendant, St. Regis Hotel, in New York City, when he was struck by a taxi cab. The plaintiff contends that the defendant was negligent in that an employee of the hotel directed him to load the luggage into the limousine in an unlit area without directing him to activate his limousine's hazard lights.

The court properly granted summary judgment to the defendant. Contrary to the plaintiff's contention on appeal, he testified before trial that the scene of the accident was well lit. Regardless of whether the defendant's employee told the plaintiff to load luggage into the limousine, the intervening act of the taxi driver was extraordinary and unforeseeable as a matter of law, and thus served to break the causal connection between any alleged negligence on the defendant's part and the plaintiff's injuries (*see, Ventricelli v Kinney Sys. Rent A Car,* 45 NY2d 950). Ritter, J. P., Thompson, Joy and H. Miller, JJ., concur.