**Joanes DOS SANTOS, Plaintiff;**

v.

**TERRACE PLACE REALTY, INC. and Alfred Corradi, Defendants.**

**No. 05 CV 7431 (CMLMS).**

United States District Court,
S.D. New York.

April 5, 2006.

---

Kevin Concagh, Kevin Concagh, P.C., New York, NY, for Plaintiff.

Anthony Joseph Pirrotti, Jr., Pirrotti Law Firm LLC, Daniel Gil Heyman, Daniel G. Heyman, Esq., Scarsdale, NY, for Defendants.

## MEMORANDUM DECISION AND ORDER IN PART GRANTING AND IN PART DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANTS' MOTION FOR LEAVE TO IMPLEAD A PARTY

MCMAHON, District Judge.

Joanes Dos Santos, plaintiff in this matter, was injured in the street in front of a construction project at 12–14 Terrace Place, in Tuckahoe, New York. Defendant Terrace Place Realty, Inc. was the general contractor for the project and defendant Alfred Corradi is the President and a shareholder of that corporation. Plaintiff and Kenneth Sankey were employees of Albano Plumbing, a subcontractor on the project.

Terrace Place, the street on which the accident occurred, is a hill. On December 8, 2004, plaintiff, Sankey, and a third Albano employee were loading equipment into two vehicles in the street in front of the construction site, Sankey's car and Albano Plumbing's panel van. After they had finished loading, Sankey got into his car to leave. The car moved backwards downhill, pinning plaintiff between its rear bumper and the rear bumper of the Albano van.

Plaintiff alleges that defendants were negligent in that they violated New York Labor Law § 200, § 240, and § 241(6); unspecified State and Federal Occupational Safety and Health Administration ("OSHA") rules and regulations and the New York Industrial Code, and that those violations caused plaintiff's injury.

Defendants move for summary judgment, on the grounds that no act of defendants caused plaintiff's injury; rather, Sankey's actions in operating his car were the sole cause of plaintiff's injury. Defendants also assert that the sections of the Labor Law and Industrial Code do not apply.

Defendants' motion for summary judgment is hereby granted on the New York Labor Law § 240 and § 241(6) claims; however, summary judgment is denied as to the Labor Law § 200 claim.

**Facts:**

For purposes of the instant motion, the following facts are undisputed in this matter:

Terrace Place Realty, Inc. was the general contractor at 12–14 Terrace Place in Tuckahoe, New York. Affidavit of Alfred Corradi ("Corradi Aff.") (August 23, 2005) at ¶ 3–4. Alfred Corradi is the President and a shareholder of Terrace Realty. Corradi Aff. (August 23, 2005) ¶ 2. Defendants have not taken a position as to whether Mr. Corradi was acting as the owner, general contractor or otherwise when he gave the order that underlies the complaint.

Albano Plumbing was a subcontractor on the work at 12–14 Terrace Place. Corradi Aff. (August 23, 2005) at ¶ 3; Affidavit of Joanes Dos Santos ("Dos Santos Aff.") at page 1; Statement of Kenneth Sankey ("Sankey Statement") at 1. Plaintiff and Sankey were both employees of Albano Plumbing. Corradi Aff. (August 23, 2005) at ¶ 3; Dos Santos Aff. at 1; Sankey Statement at 1.

According to plaintiff, the employees of Albano Plumbing "took [their] orders on the job from Al Corradi." Dos Santos Aff. at 1. Defendants do not dispute this allegation of fact, so it is established for purposes of this action that defendants did, in fact, direct and control the work at 12–14 Terrace Place.

On December 8, 2004, plaintiff, Sankey and a third employee of Albano Plumbing were loading the Albano van in a level area on the construction site. Dos Santos Aff. at page 2; Sankey Statement at page 2. Plaintiff asserts that, while they were loading, Corradi directed plaintiff ". . . to take the Albano [van] out of the yard and into the street and . . . to continue loading it in the street." Dos Santos Aff. at 2. Defendants present no evidence to the contrary, so the allegation is deemed admitted.

The photographs attached to plaintiff's papers illustrate that the construction site had been leveled to some extent, but that the road, Terrace Place, was a hill. Pl.Ex. D and E. Plaintiff moved the Albano van to the street and parked it facing downhill. Dos Santos Aff. at 2; Sankey Statement at 2.

Plaintiff states that the men continued to load the Albano van, but Sankey states that they had already finished loading at the time plaintiff moved the van to the street. Dos Santos Aff. at 2; Sankey Statement at 2. That disputed fact is irrelevant to the outcome of the case.

Plaintiff states that Sankey got his personal vehicle, which the Police Accident Report describes as a 2001 Kia Sephia, a four-door sedan, and parked it about four feet uphill from the Albano van, facing in the opposite direction. Dos Santos Aff. at 2; Police Accident Report. The three men

then loaded Sankey's tools into his car. Dos Santos Aff. at 2.

The details of the accident are not disputed. Plaintiff was positioned between the two rear bumpers when Sankey got in his car to leave. Dos Santos Aff. at page two; Sankey Statement at 2. It is unclear whether the car rolled backwards, was inadvertently driven backwards, or was deliberately placed in reverse. *See* Sankey Statement at 2; Police Report at 3; Pl. Aff. in Opp. at ¶ 10. Whatever the reason, the car moved backwards, down the hill, and pinned plaintiff's right leg between Sankey's rear bumper and the rear bumper of the parked Albano van. Dos Santos Aff. at page 2; Sankey Statement at 2; Police Accident Report. The Police Accident Report indicates that plaintiff sustained a compound fracture of his right leg.

On March 30, 2005, plaintiff commenced this action seeking damages for his injuries alleging common law negligence and violations of New York Labor Law § 200, § 240 and § 241(6).[1]

Defendants move for summary judgment on all claims. They move for summary judgment on the Labor Law § 240 claim on the grounds that it does not apply to this incident, which did not involve scaffolding. Defendants move for summary judgment on the Labor Law § 241(6) claim on the grounds that (1) they did not "direct or control" the work at the property; (2) the Industrial Codes that defendants allegedly violated do not apply; and (3) and if there was any violation of those codes, the violation did not proximately cause plaintiff's injury. Finally, they move for summary judgment on the Labor Law § 200 claim on the ground that Plaintiff's

injuries were not caused by any act of Defendants.

Defendants also move for leave to implead Kenneth Sankey as a third-party defendant.

## I. Standard of Review

Under Federal Rule of Civil Procedure 56(c), the court will grant summary judgment if the evidence offered shows that there is no genuine issue as to any material fact and that the movants are entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Furthermore, where a plaintiff cannot establish an essential element of his claim, "there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322–33, 106 S.Ct. 2548. On a motion for summary judgment, the court views the record in the light most favorable to the non-movants and resolves all ambiguities and draws all reasonable inferences against the movants. *See United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); *Donahue v. Windsor Locks Bd. of Fire Comm'rs,* 834 F.2d 54, 57 (2d Cir.1987).

## II. Conclusions of Law

Plaintiff contends that Terrace Place Realty and/or Alfred Corradi had an absolute and non-delegable duty to Plaintiff, pursuant to § 200, § 240, and § 241(6) of the New York Labor Law, as the general contractor and/or owner of the property on which Plaintiff had his accident. These sections of the Labor Law create distinct statutory theories.

---

1. There is only one count in the complaint, but plaintiff purports to rely on three separate

duties, which must be addressed separately.

## A. Labor Law § 240

■ Labor Law § 240 imposes an absolute and non-delegable duty on contractors and owners to provide appropriate scaffolding and other safety measures where workers are engaged in "the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure," and imposes absolute liability if a worker is injured because such protections are insufficient. *Wilson v. City of New York*, 89 F.3d 32, 35 (2d Cir.1996). Section 240 applies only to "elevation related hazards" and does not permit recovery for "injuries resulting from other types of hazards ... even if proximately caused by the absence of an adequate scaffold or other required safety device." *Ross v. Curtis–Palmer Hydro–Elec. Co.*, 81 N.Y.2d 494, 500, 601 N.Y.S.2d 49, 618 N.E.2d 82 (1993).

■ Plaintiff did not suffer an elevation related injury and was not engaged in "the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure." *See Wilson*, 89 F.3d at 35. His accident does not implicate Labor Law § 240. *See id.* As such, defendants' motion for summary judgment is granted on the Labor Law § 240 claim.

## B. Labor Law § 241(6)

■ Labor Law Labor Law § 241(6) "imposes a nondelegable duty upon owners and contractors to provide reasonable and adequate protection and safety to construction workers." *Comes v. N.Y. State Elec. and Gas Corp.*, 82 N.Y.2d 876, 878, 609 N.Y.S.2d 168, 631 N.E.2d 110 (1993). "Under the New York case law, in order to prevail on a claim under this section, a plaintiff must prove (a) that the defendant violated a safety regulation that set forth a specific standard of conduct, and (b) that

that violation was the proximate cause of his injuries." *Wilson v. City of New York*, 89 F.3d 32, 38 (2d Cir.1996) (citations omitted).

"Owners of one and two-family dwellings who contract for but do not direct or control the work" are expressly excepted from liability under N.Y. Labor Law § 241. Obviously, this exception could not be invoked to get Terrace Realty out of the case, since the only evidence in the record indicates that Terrace was the general contractor, not the owner. I also cannot give Corradi the benefit of this exception—at least on the record before me—because there is no evidence tending to show that Corradi was the owner of the property being improved. In fact, there is no evidence in the record at all about who owned the property. There are at the very least disputed facts about who was directing and controlling the work.

■ However, regardless of the ownership or direction and control issues, this claim must be dismissed. Plaintiff alleges that defendants violated two sections of the Industrial Code, 12 N.Y.C.R.R. § 23–1.29 and 12 N.Y.C.R.R. § 23–9.7. 12 N.Y.C.R.R. § 23–1.29, entitled "Public Vehicular Traffic," provides:

> Whenever any construction, demolition or excavation work is being performed over, on or in close proximity to a street, road, highway or any other location where public vehicular traffic may be hazardous to the persons performing such work, such work area shall be so fenced or barricaded as to direct such public vehicular traffic away from such area, or such traffic shall be controlled by designated persons.

Assuming, for purposes of this motion, that the regulation was violated, no reasonable trier of fact could conclude that the violation caused Plaintiff's injuries.

Both Sankey's car and the Albano plumbing van were in the "work area" because they were being loaded. Barricading or fencing the area to prevent "public vehicular traffic" from entering would not have prevented this accident, and Sankey's vehicle did not become "public vehicular traffic" solely because he was leaving the work site when he backed his car into plaintiff.

The other cited section of the Industrial Code, 12 N.Y.C.R.R. § 23–9.7, entitled "Motor Trucks" also does not apply. It states:

> (d) Backing. Trucks shall not be backed or dumped in places where persons are working nor backed into hazardous locations unless guided by a person so stationed that he sees the truck drivers and the spaces in back of the vehicles.

12 N.Y.C.R.R. § 23–9.7. Application of this section is limited to "power-operated heavy equipment or machinery used in construction." 12 N.Y.C.R.R. § 23–9.1. Sankey's vehicle was a 2001 Kia Sephia, a four-door sedan, in which he transported personal tools and equipment. Although the transportation of necessary materials is part of "construction," a Kia Sephia is neither "heavy equipment" nor a truck. *See* 12 N.Y.C.R.R. §§ 23–9.1; 23–9.7.

Because the undisputed facts do not show harm that resulted from a violation of either section of the Industrial Code on which plaintiff relies, the defendants' motion for summary judgment is granted as to the Labor Law § 241(6) claim.

**C. Labor Law § 200**

■ Labor Law § 200 provides:

> All places to which this chapter applies shall be so constructed, equipped, arranged, operated and conducted as to provide reasonable and adequate protection to the lives, health and safety of all persons employed therein or lawfully frequenting such places.

N.Y. Labor L. § 200. It is well established under New York law that § 200 is a codification of the common-law theory of negligence. *Wilson,* 89 F.3d at 36. It imposes a duty "upon an owner or general contractor to provide construction site workers with a safe place to work." *Cun–En Lin v. Holy Family Monuments,* 18 A.D.3d 800, 801, 796 N.Y.S.2d 684 (2d Dep't 2005) (citations omitted). There can be no liability under this section unless the owner or general contractor "had actual or constructive notice of the condition complained of . . . and exercised supervision or control over the work performed by the plaintiff." *Wilson,* 89 F.3d at 38 (citations omitted). To plead a common law cause of action in negligence, plaintiff "must demonstrate the existence of a duty, the breach of which may be considered the proximate cause of the damages suffered by the injured party." *Becker v. Schwartz,* 46 N.Y.2d 401, 410, 413 N.Y.S.2d 895, 386 N.E.2d 807 (1978).

The cases cited by defendants ignore plaintiff's evidence that defendants directed and controlled the work in general, and that Corradi directed plaintiff to load in the street. As such, these cases do not support defendants' motion for summary judgment on the Labor Law § 200 claim. Defendants analogize to *Comes v. New York State Elec. & Gas Corp.,* 82 N.Y.2d 876, 877, 609 N.Y.S.2d 168, 631 N.E.2d 110 (1993). In *Comes,* the plaintiff was a general contractor's employee who was injured when lifting a beam at the direction of the general contractor. *Id.* There, the court stated "[w]here the alleged defect or dangerous condition arises from the contractor's methods and the owner exercises no supervisory control over the operation, no liability attaches to the owner under the common law or under Labor Law § 200." *Id.* (citations omitted). Similarly, in *Kammerer v. Baskewicz,* 257 A.D.2d 811, 684

N.Y.S.2d 30 (3d Dep't 1999), *Sarvis v. Maida,* 173 A.D.2d 1019, 569 N.Y.S.2d 997 (3d Dep't 1991) and *Siconolfi v. Crisci,* 11 A.D.3d 600, 783 N.Y.S.2d 627 (2d Dep't 2004) there was no evidence that the defendants had directed the work the plaintiffs were doing when they were injured. The remainder of defendants' cases do not address Labor Law § 200. In *Krawiecki v. Cerutti,* 218 A.D.2d 323, 639 N.Y.S.2d 554 (3d Dep't 1996), the trial court's grant of summary judgment on Labor Law §§ 240 and 241(6) for the plaintiff was reversed as the owner did not direct the plaintiff in his work. *Id.* However, the plaintiff's Labor Law § 200 cause of action survived. *See id.*

■ It is undisputed that Terrace Place Realty was the general contractor on the project at 12–14 Terrace Place. The uncontradicted evidence also demonstrates that Mr. Corradi, acting in some capacity, directed plaintiff to load in the street.

Defendants therefore owed plaintiff the duty to provide a safe workplace. An owner or general contractor that directs and controls the work has such a duty. *See* Labor Law § 200; *Cun–En Lin v. Holy Family Monuments,* 18 A.D.3d 800, 801, 796 N.Y.S.2d 684 (2d Dep't 2005). It is for the jury to decide whether the street was an unsafe location to load a vehicle and whether Corradi's direction to plaintiff was given in violation of his duty to provide a safe workplace. For that reason, the motion for summary judgment must be denied.

## III.  Causation

■ Plaintiff further argues that Mr. Corradi's direction to load in the street was the proximate cause of his injury. Defendants contend that plaintiff's injury was caused solely by the intervening actions of Mr. Sankey in operating his vehicle. However, "Where the acts of a third person intervene between the defendant's conduct and the plaintiff's injury, the causal connection is not automatically severed. In such a case, liability turns upon whether the intervening act is a normal or foreseeable consequence of the situation created by the defendant's negligence." *Derdiarian v. Felix Contracting Corp.,* 51 N.Y.2d 308, 315, 434 N.Y.S.2d 166, 414 N.E.2d 666 (1980) (citations omitted). "[I]n order to withstand summary judgment, a plaintiff need only raise a triable issue of fact regarding whether defendant's conduct proximately caused plaintiff's injuries." *Cisse v. S.F.J. Realty Corp.,* 256 A.D.2d 257, 258, 682 N.Y.S.2d 199 (1st Dep't 1998). "Because questions concerning what is foreseeable and what is normal may be the subject of varying inferences, as is the question of negligence itself, these issues generally are for the fact finder to resolve." *Derdiarian v. Felix Contracting Corp.,* 51 N.Y.2d 308, 315, 434 N.Y.S.2d 166, 414 N.E.2d 666 (N.Y.1980) (citations omitted).

Defendants rely upon *Ventricelli v. Kinney System Rent A Car, Inc.,* 45 N.Y.2d 950, 411 N.Y.S.2d 555, 383 N.E.2d 1149 (1978), in which case the chain of causation was severed, as a matter of law, by an intervening negligent act by a third party. In that case, a car rental company negligently supplied a car with a defective trunk to plaintiff lessee; who got out of the car, parked it on the side of the road, and attempted to fix the trunk. *Id.* While doing so, the plaintiff was injured by the negligent actions of the driver of another vehicle. 45 N.Y.2d 950, 411 N.Y.S.2d 555, 383 N.E.2d 1149. The Court of Appeals wrote, "That Kinney's negligence in providing an automobile with a defective trunk lid would result in plaintiff's repeated attempts to close the lid was reasonably foreseeable. Not 'foreseeable', however, was the collision between vehi-

cles both parked a brief interval before the accident." *Id.* at 953, 411 N.Y.S.2d 555, 383 N.E.2d 1149. As the harm that occurred was outside the scope of the danger created by the defendant's negligence, the defendant was not held liable. *Id.*

Two years later, the New York Court of Appeals again discussed proximate cause in *Derdiarian v. Felix Contracting Corp.*, 51 N.Y.2d 308, 434 N.Y.S.2d 166, 414 N.E.2d 666 (1980). There, the Court held that proximate cause was not severed when a driver failed to take necessary medication and suffered an epileptic seizure, which caused him to drive through wooden barriers surrounding a work zone, striking a subcontractor's employee, propelling the employee into the air and splattering him with boiling enamel from a kettle also struck by the vehicle. *Id.* The contractor had erected insufficient barriers, creating the danger that someone would drive into the work zone and injure an employee. *Id.* Because the harm that occurred was within the scope of the danger created by the contractor's negligence, the fact that the exact manner in which the harm occurred was not foreseeable did not absolve the contractor of liability. *Id.*

More recently, in *Baker v. Sportservice Corp.*, the Fourth Department reversed the trial court's grant of summary judgment for a defendant business on a claim based on defendant's negligent failure to provide plaintiff with a safe place to unload. 142 A.D.2d 991, 991–992, 530 N.Y.S.2d 412 (4th Dep't 1988). In that matter,

> decedent, who was delivering dry ice to Sportservice, was crushed to death when his truck rolled forward in the loading dock area ... The loading dock sloped upward about six inches toward the rear, at approximately a two-degree angle. When decedent's body was discovered, the truck's engine was running,

the transmission was in neutral and the emergency brake, although operable, was not engaged.

*Baker v. Sportservice Corp.*, 142 A.D.2d at 991–992, 530 N.Y.S.2d 412. Whether decedent's failure to use chock blocks or to apply the emergency brake severed the chain of causation begun by defendant's failure to provide a safe loading dock was a question of fact for the jury. *Id.*

■ Similarly, in the instant matter, whether and to what extent defendants' negligence caused plaintiff's injury is for the jury.

Defendant's motion for summary judgment is thus denied on the Labor Law § 200 claim. The motion is granted as to the remaining claims.

## IV. Defendants' Motion for Leave to Implead a Party

At the end of their notice of motion, defendants seek leave to implead Kenneth Sankey as a third party defendant. That motion is denied.

■ Generally, a defendant may commence a third-party action only upon leave of court where the defendant seeks to commence that action more than ten days after filing its answer. Fed.R.Civ.P. 14(a). In this matter, defendants were given considerably more time in which they might add a party, but they did not do so.

On July 8, 2005, this court entered a scheduling order, in which I directed that additional parties must be added by September 25, 2005, absent a showing of good cause which was not foreseeable at the time of the order. The parties asked that I extend the time in which additional parties might be added until December 31, 2005, and I did so. No further request for an extension was made.

The decision to grant leave in such circumstances is left to the sound discretion of the district court. *Rosario v. Amalgamated Ladies' Garment Cutters' Union*, 605 F.2d 1228, 1247 (2d Cir.1979). Rule 16 provides that "a schedule shall not be modified except upon a showing of good cause." The Second Circuit has held that "a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir.2000). The "good cause" standard also applies to other matters which require an extension of the scheduling order. F.R. Civ. P. 16(b). A party's "lack of diligence and absence of good cause for such a delay" will require that such leave be denied as untimely. *NAS Elecs., Inc. v. Transtech Elecs. Pte Ltd.*, 262 F.Supp.2d 134, 150–51 (S.D.N.Y.2003).

The scheduling order in this matter provided "this scheduling order may be altered or amended only on a showing of good cause not foreseeable at the date hereof." Defendants have not shown any reason whatsoever for their delay in adding this party. Sankey's potential liability was evident from the very beginning. There has been no question of how this accident occurred: Sankey's car hit plaintiff while Sankey was driving it. Defendants do not allege any reason at all that they have waited to file a third-party complaint against Sankey. Defendants had an extended period in which to implead Mr. Sankey, and they did not do so. It is now too late.

The belated motion for leave to implead is, therefore, denied.

## Conclusion

For the foregoing reasons, defendants' motion for summary judgment is granted on the Labor Law § 240 and § 241(6) claims, and is denied on the Labor Law § 200 claim. Defendants' motion to file a third party complaint against Kenneth Sankey is denied. This case will be scheduled for trial at the Court's earliest convenience.

This constitutes the decision and order of the Court.