■ TOTAL CONCEPT CARPENTRY, INC., Respondent, v TOWER INSURANCE COMPANY OF NEW YORK, Appellant. [943 NYS2d 473]—

Order, Supreme Court, New York County (Lucy Billings, J.), entered May 6, 2011, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for summary judgment to the extent of declaring that defendant breached its contractual obligation to defend and indemnify additional insured Avalon Bay Communities, Inc. (Avalon) in an underlying personal injury action and that defendant is liable to plaintiff for damages for breach of that contract, and denied defendant's cross motion for summary judgment declaring that it was not obligated to defend or indemnify plaintiff in connection with the underlying action, unanimously reversed, on the law, without costs, plaintiff's motion denied, defendant's cross motion granted and it is so declared.

Based on the four corners of the insurance agreement (*see e.g. Stainless, Inc. v Employers Fire Ins. Co.*, 69 AD2d 27, 33 [1979], *affd* 49 NY2d 924 [1980]), defendant had no duty to defend or indemnify because it established that there was "no possible factual or legal basis on which it might eventually be obligated to indemnify its insured under any policy provision" (*Allstate Ins. Co. v Zuk*, 78 NY2d 41, 45 [1991]; *see Town of Massena v Healthcare Underwriters Mut. Ins. Co.*, 98 NY2d 435, 445 [2002]). The record shows that defendant properly disclaimed coverage to plaintiff contractor based on the Employer's Liability exclusion in the policy. This provision excludes coverage for bodily injury to an employee of the insured (plaintiff) arising out of and in the course of his or her employment or performance. Although this particular exclusion does not apply to liability the insured assumed under an "insured contract," the Contractual Liability Limitation endorsement deletes any reference in the definition of "insured contract" to a "contract or agreement pertaining to your business . . . under which you assume the tort liability of another party to pay for 'bodily injury' or 'property damage' to a third person or organization."

Moreover, Tower's disclaimer to Avalon relied on the Additional Insured endorsement that states: "[t]his insurance does not apply to acts or omissions of the Additional Insured nor liability imposed on the additional insured by statute, ordinance or law." In the underlying lawsuit, the court dismissed all claims against Avalon except for those based on Labor Law § 240 (1) and § 241 (6). Even though Avalon could be found actively negligent under Labor Law § 241 (6), the endorsement excludes coverage for Avalon's acts or omissions.

In view of the foregoing and because of defendant's disclaimer of coverage to Avalon based on the Additional Insured endorsement, we decline to address defendant's contention that plaintiff had no standing to contest the propriety of its disclaimer to Avalon. Concur—Mazzarelli, J.P., Saxe, Moskowitz, Manzanet-Daniels and Román, JJ.