# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

500
CA 14-01816
PRESENT: SCUDDER, P.J., SMITH, PERADOTTO, LINDLEY, AND DEJOSEPH, JJ.

---

JOHN ARD AND PATRICIA ARD, PLAINTIFFS-RESPONDENTS,

V                                                          MEMORANDUM AND ORDER

THOMPSON & JOHNSON EQUIPMENT CO., INC., TOTALL
ATTACHMENTS, INC., DEFENDANTS-APPELLANTS,
ET AL., DEFENDANT.

---

SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE, KENNEY SHELTON LIPTAK
NOWAK LLP, BUFFALO (MAURICE L. SYKES OF COUNSEL), FOR
DEFENDANT-APPELLANT THOMPSON & JOHNSON EQUIPMENT CO., INC.

RUPP, BAASE, PFALZGRAF, CUNNINGHAM & COPPOLA LLC, BUFFALO (CORY J.
WEBER OF COUNSEL), FOR DEFENDANT-APPELLANT TOTALL ATTACHMENTS, INC.

DOLCE PANEPINTO, P.C., BUFFALO (STEPHEN C. HALPERN OF COUNSEL), FOR
PLAINTIFFS-RESPONDENTS.

---

Appeals from an order of the Supreme Court, Onondaga County
(Anthony J. Paris, J.), entered February 5, 2014. The order, among
other things, denied the motions of defendants Thompson & Johnson
Equipment Co., Inc., and Totall Attachments, Inc., for summary
judgment.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this negligence and strict
products liability action seeking damages for injuries sustained by
John Ard (plaintiff) when a roll of paper weighing approximately
3,000-pounds fell on his foot. Prior to the accident, plaintiff was
transporting the paper roll on a pallet truck in his employer's
facility. Defendant Thompson & Johnson Equipment Co., Inc. (Thompson)
was the dealer/distributor of the pallet truck, which had been
modified by defendant Totall Attachments, Inc. (Totall) to include a
"roll cradle" to carry the large paper rolls. The paper roll fell off
the roll cradle, allegedly because of a defect in the pallet truck as
modified with the roll cradle. Plaintiff enlisted the assistance of a
coworker to lift the roll upright with a forklift, the roll slipped
off the forks of the forklift, and the roll ultimately came to rest on
plaintiff's foot, resulting in injuries that required the amputation
of plaintiff's lower leg.

Following discovery, Thompson moved for summary judgment

dismissing the complaint against it, and Totall likewise moved for summary judgment dismissing the amended complaint against it. Those defendants (hereafter, defendants) contended that any defect in the pallet truck and roll cradle they provided to plaintiff's employer was not a proximate cause of plaintiff's accident, but merely "furnished the occasion" for the accident, and that in any event the actions of plaintiff and his coworkers were a superseding cause of his injuries. Supreme Court denied the motions, and we affirm.

"As a general rule, the question of proximate cause is to be decided by the finder of fact, aided by appropriate instructions" (*Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 312, *rearg denied* 52 NY2d 784). Where the cause of an accident is "within the class of foreseeable hazards that [a] duty exists to prevent, the [defendant] may be held liable, even though the harm may have been brought about in an unexpected way" (*Di Ponzio v Riordan*, 89 NY2d 578, 584). We conclude that the hazard that caused plaintiff's injury, i.e., the movement of the roll while it was being placed back in an upright position, was "within the class of foreseeable hazards" associated with a roll falling off the allegedly defective pallet truck (*id.*), and thus a jury "could rationally [find] that . . . there was a causal connection between [defendants' alleged] negligence and plaintiff's injuries" (*McMorrow v Trimper*, 149 AD2d 971, 972, *affd for the reasons stated* 74 NY2d 830, 832). We thus reject the contention of defendants that the falling roll merely "furnished the occasion" for plaintiff's accident.

We also reject the contention of defendants that the actions of plaintiff and his coworkers in attempting to upright the roll were a superseding cause of plaintiff's injuries. "An intervening act may not serve as a superseding cause, and relieve an actor of responsibility, where the risk of the intervening act is the very same risk which renders the actor negligent" (*Derdiarian*, 51 NY2d at 316). As noted above, the risk of the roll falling while being uprighted is the same risk underlying plaintiffs' allegations of negligence, and we conclude that the actions of plaintiff and his coworkers were not "of such an extraordinary nature" as to relieve defendants of liability (*Kush v City of Buffalo*, 59 NY2d 26, 33; *see Baker v Sportservice Corp.*, 142 AD2d 991, 993).

Entered:  May 8, 2015                           Frances E. Cafarell
                                                Clerk of the Court