Pioneer Cent. Sch. Dist. v Preferred Mut. Ins. Co. (2018 NY Slip Op 06682)





Pioneer Cent. Sch. Dist. v Preferred Mut. Ins. Co.


2018 NY Slip Op 06682


Decided on October 5, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND CURRAN, JJ.


1067 CA 18-00332

[*1]PIONEER CENTRAL SCHOOL DISTRICT AND PIONEER MIDDLE SCHOOL, PLAINTIFFS-RESPONDENTS,
v
PREFERRED MUTUAL INSURANCE COMPANY, J & K KLEANERZ OF WNY, LLC, AND J AND P KLEANERZ OF WNY, INC., DEFENDANTS-APPELLANTS. 






SCHNITTER CICCARELLI MILLS PLLC, WILLIAMSVILLE (MARY C. FITZGERALD OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
SUGARMAN LAW FIRM, LLP, SYRACUSE (MEGAN K. THOMAS OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 


 Appeal from a judgment (denominated order) of the Supreme Court, Cattaragus County (Jeremiah J. Moriarty, III, J.), entered May 8, 2017. The judgment, among other things, granted plaintiffs' motion for summary judgment and denied defendants' cross motion for summary judgment. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs, the motion is denied, the declaration is vacated, the cross motion is granted, and judgment is granted in favor of defendants as follows:
It is ADJUDGED AND DECLARED that defendant Preferred Mutual Insurance Company is not obligated to defend or indemnify plaintiffs in the underlying action.
Memorandum: Plaintiffs Pioneer Central School District and Pioneer Middle School (collectively, Pioneer) commenced this action against defendant Preferred Mutual Insurance Company (Preferred Mutual) and defendants J & K Kleanerz of WNY, LLC, and J and P Kleanerz of WNY, Inc. (collectively, Kleanerz) seeking a declaration that Preferred Mutual is obligated to defend and indemnify Pioneer in an underlying personal injury action.
Kleanerz provided janitorial services to Pioneer pursuant to a contract containing an indemnification provision through which Kleanerz agreed to indemnify Pioneer in actions for bodily injury "arising or resulting from any act, omission, neglect or misconduct of [Kleanerz]." Kleanerz was insured by Preferred Mutual under a policy containing an additional insured endorsement listing Pioneer as an additional insured for bodily injury "caused, in whole or in part, by" the "acts or omissions" of Kleanerz or of those acting on Kleanerz's behalf.
Dawn Ayers, a Kleanerz employee, commenced the underlying personal injury action against Pioneer, alleging that she was injured when she slipped on snow or ice in the parking lot of Pioneer Middle School after completing her shift. Pioneer filed a third-party summons and complaint against Kleanerz and thereafter commenced this action against defendants, seeking a declaration that Preferred Mutual is obligated to indemnify Pioneer either as an additional insured under Kleanerz's policy with Preferred Mutual or pursuant to the indemnification provision in the janitorial services contract between Pioneer and Kleanerz. Pioneer moved for summary judgment on its complaint in this declaratory judgment action. Defendants cross-moved for summary judgment declaring that Preferred Mutual had no obligation to defend or indemnify Pioneer, contending that Pioneer does not qualify as an additional insured under the policy and that the indemnification provision in the janitorial services contract did not create [*2]coverage for Pioneer. Supreme Court granted Pioneer's motion and denied defendants' cross motion. Defendants appeal. We reverse the judgment, deny Pioneer's motion, and grant defendants' cross motion.
We conclude that Pioneer is not an additional insured under the policy inasmuch as Ayers's injuries were not proximately caused by Kleanerz. The policy's additional insured endorsement provides that the injury must have been "caused, in whole or in part, by" Kleanerz's conduct, and thus it requires that the insured must have been a proximate cause of the injury, not merely a "but for" cause (see Burlington Ins. Co. v NYC Tr. Auth., 29 NY3d 313, 321 [2017]). Here, it is undisputed that Kleanerz was not responsible for clearing ice and snow from the parking lot and that Ayers's fall resulted from her slipping on the ice or snow. Although Pioneer contends that Kleanerz caused the accident by instructing Ayers to exit Pioneer Middle School through a door located near the area where Ayers subsequently slipped, Kleanerz's instructions to Ayers "merely furnished the occasion for the injury" by "fortuitously plac[ing Ayers] in a location or position in which . . . [an alleged] separate instance of negligence acted independently upon [her] to produce harm" (Hain v Jamison, 28 NY3d 524, 531, 532 [2016]; see Ventricelli v Kinney Sys. Rent A Car, 45 NY2d 950, 952 [1978], mot to amend remittitur granted 46 NY2d 770 [1978]; Duggal v St. Regis Hotel, 264 AD2d 805, 805 [2d Dept 1999]), and were not a cause of the accident triggering the additional insured clause of the policy.
We further conclude that the indemnification provision in the janitorial services contract did not create coverage under the insurance policy. The insurance policy covers liability assumed in an "insured contract" between Kleanerz and a third party. An "insured contract" is defined in the policy as "[t]hat part of any other contract or agreement pertaining to [Kleanerz's] business . . . under which [Kleanerz] assume[s] the tort liability of another party to pay for bodily injury' . . . to a third person or organization, provided the bodily injury' . . . is caused, in whole or in part, by [Kleanerz] or by those acting on [Kleanerz's] behalf." Here, the injuries were not "caused, in whole or in part, by" Kleanerz's acts, and thus the indemnification provision of the janitorial services contract does not fall within the "insured contract" coverage provided by the insurance policy.
Because neither the additional insured clause in the insurance policy nor the indemnification provision in the janitorial services contract triggered coverage by Preferred Mutual, defendants are entitled to summary judgment declaring that Preferred Mutual has no duty to indemnify Pioneer "and consequently no duty to defend [Pioneer] in the pending [Ayers] action" (Allstate Ins. Co. v Zuk, 78 NY2d 41, 45 [1991]; see Total Concept Carpentry, Inc. v Tower Ins. Co. of N.Y., 95 AD3d 411, 411 [1st Dept 2012]). Moreover, because the policy does not provide coverage to Pioneer, Preferred Mutual was not required to timely disclaim coverage (see Progressive Cas. Ins. Co. v HARCO Natl. Ins. Co., 70 AD3d 1495, 1497 [4th Dept 2010]).
Defendants failed to preserve for our review their contention that the court erred in deciding the motions before discovery was complete.
Entered: October 5, 2018
Mark W. Bennett
Clerk of the Court