■ Mamadou S., an Infant, by His Parents and Legal Guardians, Khalil S. et al., Appellant, v Mary Feliciano, Defendant, and City of New York et al., Respondents. [999 NYS2d 65]—

Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered July 22, 2013, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the complaint as against defendant The Board of Education of the City of New York (BOE), unanimously reversed, on the law, without costs, and the motion denied as to BOE.

Plaintiff, at the time an eighth grade student, was injured when he darted or was pushed into the street and was hit by a car while playing tag in front of his school. Although the driver of the car was not negligent in causing the accident (Sakho v City of New York, 88 AD3d 581 [1st Dept 2011]), the record presents issues of fact as to whether defendant BOE owed a duty of care to protect the infant plaintiff from traffic hazards after he

was discharged by the school bus in front of the school, five minutes before the school day would begin (*see Pratt v Robinson*, 39 NY2d 554, 560-561 [1976]; *Thai v Roman Catholic Church of St. Nicholas of Tolentine*, 34 AD3d 225 [1st Dept 2006]), and whether that duty was breached by the school's failure to provide adequate safety measures, such as traffic barricades, proximately causing the injury (*Mirand v City of New York*, 84 NY2d 44, 49 [1994]). Concur—Tom, J.P., Friedman, Renwick, Manzanet-Daniels and Kapnick, JJ.