■ JAMES ROHAN et al., Respondents, v TURNER CONSTRUCTION COMPANY et al., Appellants, et al., Defendants. [38 NYS3d 139]—

Order, Supreme Court, New York County (Ellen M. Coin, J.), entered August 5, 2015, which, to the extent appealed from, denied the motion of defendants Turner Construction Company and Gladden Properties LLC (together defendants) for summary judgment dismissing the Labor Law § 241 (6) claim as against them and the common-law negligence and Labor Law § 200 claims as against Turner, unanimously affirmed, without costs.

Summary judgment dismissing the Labor Law § 241 (6) claim is not warranted, since an issue of fact exists as to whether Industrial Code (12 NYCRR) § 23-1.22 (b) (1), pertaining to runways and ramps, is applicable. Defendants maintain that the plank that allegedly struck plaintiff James Rohan did not constitute part of a ramp. However, the affidavit of plaintiffs' expert, who opined that the unsecured wooden planks served as a "temporary construction ramp" and that the ramp violated 12 NYCRR 23-1.22 (b) (1), is entitled to consideration (*see Keneally v 400 Fifth Realty LLC*, 110 AD3d 624, 624 [1st Dept 2013]).

Turner, the general contractor, is not entitled to summary judgment dismissing the Labor Law § 200 and common-law negligence claims. Plaintiff's testimony that one of Turner's employees told him to use a pile of wood planks to address the one-foot height differential he had observed between the temporary loading dock and the trailer of delivery trucks raises a triable issue of fact as to whether Turner exercised supervisory control over the injury-producing work (*Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 505 [1993]).

We have considered defendants' remaining contentions and find them unavailing. Concur—Sweeny, J.P., Manzanet-Daniels, Feinman, Kapnick and Webber, JJ.