[68 NE3d 1233, 46 NYS3d 502]

ANDREW J. HAIN, Individually and as Executor of HOLLY J. HAIN, Deceased, Respondent, v ANGELA J. JAMISON et al., Appellants, and DRUMM FAMILY FARM, INC., Respondent.

Argued November 16, 2016; decided December 22, 2016

## POINTS OF COUNSEL

*Coughlin & Gerhart, LLP*, Binghamton (*James P. O'Brien* and *Rachel A. Abbott* of counsel), for appellants.

*Cellino & Barnes, P.C.*, Buffalo (*Ellen B. Sturm* of counsel), for Andrew J. Hain, respondent.

*Brian P. Fitzgerald, P.C.*, Buffalo (*Derek J. Roller* of counsel), for Drumm Family Farm, Inc., respondent.

**OPINION OF THE COURT**

Stein, J.

The sole issue before us on this appeal is whether defendant Drumm Family Farm, Inc., established its entitlement to summary judgment by demonstrating the absence of a material question of fact regarding whether its alleged negligence was a proximate cause of decedent's death. We conclude that the Farm failed to meet its burden as the movant, and that proximate cause is, therefore, a question for the factfinder.

## I.

Decedent, the wife of plaintiff, was struck and killed by a vehicle driven by one of the Jamison defendants as decedent was walking in the northbound lane of a rural road late one evening.[1] Plaintiff, individually and on behalf of decedent's estate, subsequently commenced this negligence action against the Jamison defendants and Drumm Family Farm, Inc. Plaintiff alleged that, at the time of the collision, decedent was assisting a calf that was loose in the roadway. The calf, owned by the Farm, had escaped its nearby enclosure. The complaint alleged that the driver who struck decedent was negligent in operating her vehicle, and that the Farm was negligent for failing to maintain its fence and restrain or retrieve the calf, thereby allowing it to wander into the roadway. The Farm and the Jamison defendants answered the complaint, and asserted cross claims for contribution and indemnification.

---

1. The other Jamison defendant was the owner of the vehicle.

Thereafter, the Farm moved for summary judgment dismissing the complaint and all cross claims asserted against it, arguing that its alleged negligence in allowing the calf to escape or failing to retrieve it did not constitute a proximate cause of decedent's death. Rather, the Farm argued, decedent's intervening and unforeseeable act of exiting her vehicle and entering the roadway in an attempt to assist the calf, and the other driver's negligence in operating her vehicle, were the only proximate causes of decedent's death.

In support of its motion, the Farm proffered the driver's deposition testimony explaining the circumstances of the collision. According to the driver, she was traveling north on the road in question, shortly after 10:00 p.m., when she slowed her vehicle to maneuver a curve in the road. As she came around the bend, she saw "very bright" headlights from a vehicle pulled over on the left, or southbound, side of the road. As the driver's vision adjusted and she passed the stopped vehicle, she saw decedent in the road milliseconds before hitting her and what she thought, at the time, was a dog—but which she later learned was a calf.

The Farm also submitted portions of the deposition testimony of Daniel Drumm, the Farm's owner, wherein he recounted that the calf involved in the accident had been born earlier that day. Drumm averred that he did not know how the calf escaped his property, and that he did not learn of the calf's escape until his stepdaughter alerted him to it at approximately 10:00 p.m. Drumm's stepdaughter had, in turn, just learned that the calf was loose when another relative, who lived on the same property, telephoned to relay that, approximately 30 to 45 minutes earlier, a neighbor had seen the calf loose next to the road. Drumm testified that he immediately left his home to look for the calf, at which point he came upon the accident.

Plaintiff and the Jamison defendants opposed the Farm's motion, arguing that a question of fact existed regarding whether decedent's death was a foreseeable consequence of the Farm's negligence. Proof offered in opposition to the Farm's motion, including testimony from Drumm's deposition and the affidavit of a neighboring property owner, indicated that the fence surrounding the farm was in poor condition and that, on prior occasions, cows had escaped and wandered near and into the roadway, although Drumm asserted that the fence was intact at the time of the accident.

Supreme Court denied the Farm's motion, holding that it could not conclude, as a matter of law, that decedent's conduct in exiting her vehicle was sufficiently extraordinary and unforeseeable to break the chain of causation. Upon the Farm's appeal, the Appellate Division—with one Justice dissenting—reversed, granted the Farm's motion, and dismissed the complaint and cross claims as asserted against it (130 AD3d 1562 [4th Dept 2015]). The majority held that the Farm had established that its alleged negligence in allowing the calf to escape was not a proximate cause of decedent's death, reasoning that the Farm's negligence merely furnished the occasion for, but did not cause, decedent to enter the roadway, where she was struck by the Jamison vehicle.

The Jamison defendants sought leave to appeal the dismissal of their cross claims against the Farm; plaintiff did not move for leave to appeal. We granted the Jamison defendants leave to appeal (26 NY3d 910 [2015]),[2] and we now reverse.

## II.

It is well settled that "[e]vidence of negligence is not enough by itself to establish liability," for it also must be proved that the negligence was a proximate, or legal, cause of the event that produced the harm sustained by the plaintiff (*Sheehan v City of New York*, 40 NY2d 496, 501 [1976]). We have previously observed that "[t]he concept of proximate cause . . . has proven to be an elusive one, incapable of being precisely defined to cover all situations" (*Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 314 [1980]). This is because the determination of proximate cause involves, among other things, policy-laden considerations; that is, the chain of causation must have an endpoint in order "to place manageable limits upon the liability that flows from negligent conduct" (*id.*; *see Sewar v Gagliardi Bros. Serv.*, 51 NY2d 752, 759 [1980, Fuchsberg, J., concurring]; *Ventricelli v Kinney Sys. Rent A Car*, 45 NY2d 950, 952 [1978], *mod* 46 NY2d 770 [1978]).

The overarching principle governing determinations of proximate cause is that a "defendant's negligence qualifies as a proximate cause where it is 'a substantial cause of the events

---

2. Although the Appellate Division order is nonfinal because the action remains pending as between plaintiff and the Jamison defendants, we elected to treat the Appellate Division order as final with respect to the Farm under the doctrine of party finality (*see* Arthur Karger, Powers of the New York Court of Appeals § 5:9 at 128-133 [3d ed rev 2005]).

which produced the injury' " (*Mazella v Beals*, 27 NY3d 694, 706 [2016], quoting *Derdiarian*, 51 NY2d at 315). Typically, the question of whether a particular act of negligence is a substantial cause of the plaintiff's injuries is one to be made by the factfinder, as such a determination turns upon questions of foreseeability and " 'what is foreseeable and what is normal may be the subject of varying inferences' " (*Kriz v Schum*, 75 NY2d 25, 34 [1989], quoting *Derdiarian*, 51 NY2d at 315; *see Voss v Netherlands Ins. Co.*, 22 NY3d 728, 737 [2014]).

When a question of proximate cause involves an intervening act, " 'liability turns upon whether the intervening act is a *normal or foreseeable consequence* of the situation created by the defendant's negligence' " (*Mazella*, 27 NY3d at 706 [emphasis added], quoting *Derdiarian*, 51 NY2d at 315). Thus, "[w]here the acts of a third person intervene between the defendant's conduct and the plaintiff's injury, the causal connection is not automatically severed" (*Derdiarian*, 51 NY2d at 315). Rather, "[t]he mere fact that other persons share some responsibility for plaintiff's harm does not absolve defendant from liability because 'there may be more than one proximate cause of an injury' " (*Mazella*, 27 NY3d at 706, quoting *Argentina v Emery World Wide Delivery Corp.*, 93 NY2d 554, 560 n 2 [1999]). It is "[o]nly where 'the intervening act is extraordinary under the circumstances, not foreseeable in the normal course of events, or independent of or far removed from the defendant's conduct,' [that it] may . . . possibly 'break[ ] the causal nexus' " (*Mazella*, 27 NY3d at 706, quoting *Derdiarian*, 51 NY2d at 315; *see Kush v City of Buffalo*, 59 NY2d 26, 33 [1983]). To state the inverse of this rule, liability *subsists* "[w]hen . . . the intervening act is a natural and foreseeable consequence of a circumstance created by defendant" (*Kush*, 59 NY2d at 33; *Lynch v Bay Ridge Obstetrical & Gynecological Assoc.*, 72 NY2d 632, 636 [1988]).

Although foreseeability and proximate cause are generally questions for the factfinder, there are instances in which proximate cause can be determined as a matter of law because "only one conclusion may be drawn from the established facts" (*Derdiarian*, 51 NY2d at 315; *see Ventricelli*, 45 NY2d at 952). Such cases may arise when the plaintiff's injuries are caused by "independent intervening acts which *operate upon* but *do not flow from* the original negligence" (*Derdiarian*, 51 NY2d at 315 [emphasis added]; *see Campbell v Central N.Y. Regional Transp. Auth.*, 7 NY3d 819, 821 [2006]). Stated differently,

proximate cause will be found lacking where the original negligent act merely "furnished the occasion for"—but did not cause—"an unrelated act to cause injuries not ordinarily anticipated" (*Derdiarian*, 51 NY2d at 316).

While the foregoing rules may be easily stated, they are not so handily applied. The line between those intervening acts which sever the chain of causation and those which do not cannot be drawn with precision. Proximate cause is, at its core, a uniquely fact-specific determination (*see O'Neill v City of Port Jervis*, 253 NY 423, 433 [1930]), and "[d]epending upon the nature of the case, a variety of factors may be relevant in assessing legal cause" (*Derdiarian*, 51 NY2d at 314-315). Such factors include, among other things: the foreseeability of the event resulting in injury; the passage of time between the originally negligent act and the intervening act; the spatial gap, if any, between the original act and the intervening act; whether the original act of negligence was a completed occurrence or was ongoing at the time of the intervening act; whether and, if so, what other forces combined to bring about the harm; as well as public policy considerations regarding the scope of liability (*see Williams v State of New York*, 18 NY3d 981, 984 [2012]; *Derdiarian*, 51 NY2d at 314; *Martinez v Lazaroff*, 48 NY2d 819, 820 [1979], *affg* 66 AD2d 874, 875 [2d Dept 1978]; 1A NY PJI3d 2:70 at 412-414 [2016]). The relevance of each factor will vary depending upon the factual circumstances presented, but the most significant inquiry in the proximate cause analysis is often that of foreseeability. Thus, where the risk of harm created by a defendant's conduct corresponds to that which actually results—absent an extraordinary intervening act or significant facts weighing in favor of attenuation—it cannot be said, as a matter of law, that a defendant's negligence merely furnished the occasion for the harm (*see Mazella*, 27 NY3d at 706; *Kush*, 59 NY2d at 33; *Derdiarian*, 51 NY2d at 315). Under such circumstances, the determination of proximate cause is best left for the factfinder.

A review of our case law highlights the distinction between instances where proximate cause is a question for the jury and the rare cases in which it can be determined, as a matter of law, that a defendant's negligence merely created the opportunity for, but did not cause, the event that resulted in harm. For example, in *Derdiarian v Felix Contr. Corp.*, a driver careened into an excavation site that was poorly barricaded, and struck the plaintiff, a construction worker (*see* 51 NY2d at

312). The plaintiff was injured both by the vehicle and by boiling enamel that splattered from a nearby kettle (*see id.*). We held that the question of whether the contractor defendant's alleged negligence in failing to provide an adequate safety barrier was a proximate cause of the plaintiff's injuries was properly left to the jury (*see id.* at 316). We explained that the hazard associated with the original allegedly negligent act— the provision of an insufficient safety barrier—was the risk that a driver would negligently enter the work site, and that "[a]n intervening act may not serve as a superseding cause, and relieve an actor of responsibility, where the risk of the intervening act occurring is the *very same risk* which renders the actor negligent" (*id.* [emphasis added]). With regard to the injuries caused by the boiling enamel, we also observed that the mere fact that the defendant contractor could not anticipate the precise manner of the accident or the exact nature of injuries did "not preclude liability as a matter of law where the *general risk and character of injuries are foreseeable*" (*id.* at 317 [emphasis added]; *see Mazella*, 27 NY3d at 706-709).

By contrast, in *Ventricelli v Kinney Sys. Rent A Car*, we held that proximate cause was lacking, as a matter of law, because the defendant automobile lessor's negligence merely furnished the occasion for the injury (45 NY2d at 952). There, the plaintiff leased a vehicle with a defective trunk lid and, when the trunk opened, the plaintiff pulled off the road into a curbside parking space, where he was subsequently injured by the negligent driving of a third party. We held that the collision between the two vehicles—both of which were safely and legally parked for a brief interval before the accident—was unforeseeable as a matter of law, emphasizing that the plaintiff was standing in a parking space, not an actively traveled road, and "[h]e might well have been there independent of any negligence of [the lessor], as, for example, if he were loading or unloading the trunk" (*id.* at 952). That is, although the original negligence "undoubtedly served to place the injured party at the site of the accident, the intervening act was divorced from and not the foreseeable risk associated with the original negligence" (*Derdiarian*, 51 NY2d at 315-316).

Cases holding that intervening acts break the chain of causation, as a matter of law, have one of two distinguishing features (*see Mazella*, 27 NY3d at 706). In some, the risk created by the original negligence was not the risk that materialized into harm; in other words, the intervening act was unforeseeable

(*see e.g. Campbell*, 7 NY3d at 820-821 [defendant bus driver who hit wheelchair-bound plaintiff did not proximately cause the plaintiff's injuries that subsequently resulted from his use of a defective replacement wheelchair]; *Martinez*, 48 NY2d at 820 [risk created by landlord's failure to supply hot water did not correspond to injuries suffered]). In other cases, even if there was some similarity between the risk created and the actual harm, the defendant's acts of negligence had ceased, and merely fortuitously placed the plaintiff in a location or position in which a secondary and separate instance of negligence acted independently upon the plaintiff to produce harm; the defendant's actions did not "put in motion" or significantly contribute to "the agency by which the injuries were inflicted" (1A NY PJI3d 2:70 at 412 [2016]; *see e.g. Gerrity v Muthana*, 7 NY3d 834, 835-836 [2006]). Thus, proximate cause has been found lacking, as a matter of law, where a defendant negligently caused a vehicular accident, but the first accident was completed and the plaintiff was in a position of safety when a secondary accident occurred (*see Gralton v Oliver*, 302 NY 864, 865 [1951], *affg* 277 App Div 449 [3d Dept 1950]). Conversely, a question of fact is presented for the jury where a driver's negligence contemporaneously causes another accident or where, due to a defendant's negligence, the plaintiff is left in a position susceptible to further harm (*see e.g. Tutrani v County of Suffolk*, 10 NY3d 906, 907 [2008]; *McMorrow v Trimper*, 74 NY2d 830 [1989], *affg* 149 AD2d 971 [4th Dept 1989]; *see also Commisso v Meeker*, 8 NY2d 109, 117 [1960]).

## III.

Turning to the appeal at hand, the Farm concedes that the danger presented to motorists by a wandering farm animal is foreseeable insofar as a motorist's vehicle may collide directly with the animal (*see Hastings v Sauve*, 21 NY3d 122 [2013]). The Farm contends, however, that because decedent pulled her vehicle to the side of the road without striking the calf, and then made the independent and purportedly extraordinary decision to leave the safety of her vehicle, the calf's presence in the roadway and the Farm's negligence in relation thereto did not proximately cause decedent's death. Rather, the Farm maintains that its negligence merely furnished the occasion for decedent to be standing or walking in the roadway when she was struck.

In response, the Jamison defendants and plaintiff argue that decedent's actions in exiting her vehicle were reasonably

foreseeable in light of the danger presented to herself, and to other drivers, by the calf wandering in the roadway. Because decedent's actions were foreseeable, and the Farm's negligence in allowing the calf to wander was ongoing, the Jamison defendants and plaintiff contend that the causal connection was not severed, and that the question of proximate cause is one for the factfinder. We agree.

Neither of the circumstances described above, in which proximate cause may be deemed absent as a matter of law based on an intervening act, are present here. The very same risk that rendered negligent the Farm's alleged failure to restrain or retrieve its farm animal—namely, that the wandering calf would enter a roadway and cause a collision—was, in fact, the risk that came to fruition (*see Derdiarian*, 51 NY2d at 316; *compare Campbell*, 7 NY3d at 820-821). That the Farm could not predict the exact manner in which the calf would cause injury to a motorist does not preclude liability because the general risk and character of injuries was foreseeable (*see Derdiarian*, 51 NY2d at 317). Furthermore, although decedent had apparently stopped her vehicle without striking the calf, the animal was still loose in the roadway and, under the circumstances, the danger and risk of an accident had not yet passed. The Farm's alleged negligence—i.e., its failure to securely restrain and/or retrieve its wandering calf—was not a completed occurrence that merely fortuitously placed decedent in a relatively safe position or location where an independent and unrelated act of negligence operated to bring about her death (*see Tutrani*, 10 NY3d at 907; *compare Gralton*, 302 NY at 865). Thus, we cannot say, as a matter of law, that the Farm's negligence merely furnished the occasion for the collision or that the accident resulting in decedent's death did not flow from the Farm's negligent conduct in permitting its calf to stray.

A factfinder could reasonably conclude that decedent's actions in exiting her vehicle and entering the roadway were an entirely " 'normal or foreseeable consequence of the situation created by the defendant's negligence' " (*Mazella*, 27 NY3d at 706, quoting *Derdiarian*, 51 NY2d at 315). In *Hastings v Sauve*, we held that a property owner may be liable under ordinary principles of tort law when he or she, through negligent acts or omissions, allows a farm animal—specifically, a domestic

animal as defined in Agriculture and Markets Law § 108 (7)—to stray from the property on which the animal is kept (*see* 21 NY3d at 125-126). In *Hastings*, the plaintiff sustained injuries when her vehicle struck a cow that had wandered onto a public road (*see id.* at 124). Although we did not address the issue of proximate cause directly, an obvious assumption underlying our decision was the accepted premise that farm animals wandering unrestrained near roadways present a reasonably foreseeable danger to motorists due to their potential to interfere with traffic. As particularly relevant here, a wandering farm animal may be large enough to obstruct a roadway and, regardless of size, may impede traffic to a significant degree. Such an animal may cause substantial harm if struck by a vehicle or when a driver acts to avoid impact. In addition, a factfinder may determine that a person, under the particular circumstances of a case, may reasonably consider it safe to approach the wandering animal. Thus, a jury could reasonably conclude that it is foreseeable that a motorist who encounters such an animal on a rural roadway would attempt to remove the animal from the thoroughfare. Such conduct cannot, *as a matter of law*, be considered so "extraordinary under the circumstances, not foreseeable in the normal course of events, or independent of or far removed from the defendant's conduct," that it breaks the chain of causation (*Derdiarian*, 51 NY2d at 315). Thus, on this record, the Farm has failed to meet its burden of demonstrating the absence of material issues of fact, and proximate cause is a question for the factfinder.

Accordingly, the order of the Appellate Division, insofar as appealed from, should be reversed, with costs, and defendant Drumm Family Farm, Inc.'s motion for summary judgment dismissing the Jamison defendants' claims against it should be denied.[3]

Chief Judge DiFIORE and Judges PIGOTT, RIVERA, ABDUS-SALAAM, FAHEY and GARCIA concur.

---

**3.** Our review of the Appellate Division order is "limited to those parts of the judgment that have been appealed and that aggrieve the appealing party," and we generally may not grant affirmative relief to a nonappealing party (*Hecht v City of New York*, 60 NY2d 57, 61 [1983]; *see 511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 151 [2002]). Inasmuch as plaintiff did not seek leave to appeal to this Court, we may not, on this appeal, reinstate the complaint as asserted by non-appellant plaintiff against the Farm.

Order, insofar as appealed from, reversed, with costs, and defendant Drumm Family Farm, Inc.'s motion for summary judgment dismissing the Jamison defendants' claims against it denied.