Appeals from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), dated December 24, 2014. The order granted the motion of the defendant Forest Hills Garden Corporation for summary judgment dismissing the complaint insofar as asserted against it.
 

 Ordered that the appeal by the defendants Jonathan Kingston and Debbie Miketta is dismissed, as they are not aggrieved by the order appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144 [2010]); and it is further,
 

 Ordered that the order is affirmed on the appeál by the plaintiffs; and it is further,
 

 Ordered that one bill of costs is awarded to the respondent.
 

 Alter A. Goldstein (hereinafter the decedent) sustained fatal injuries after he was struck by a vehicle driven by the defendant Debbie Miketta and owned by the defendant Jonathan Kingston. Immediately prior to the accident, Miketta was driving on Dartmouth Street in Queens when she came upon workers employed by the defendant Forest Hills Garden Corporation (hereinafter FHGC), who were resodding a part of the grassy area between the curb and the sidewalk. After a worker waved at her in a manner that she understood to mean that she could not proceed further on the one-way street due to the ongoing work, Miketta drove her vehicle in reverse to an intersection, where she struck the decedent, who was walking in a crosswalk.
 

 Marianne Goldstein, as executor of the decedent’s estate and individually, commenced this action against Miketta and Kingston, as well as FHGC, to recover damages for wrongful death. The Supreme Court subsequently granted FHGC’s motion for summary judgment dismissing the complaint insofar as asserted against it. The plaintiffs appeal.
 

 A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident (see Lukyanovich v H.L. Gen. Contrs., Inc., 141 AD3d 693, 693 [2016]; Gezelter v Pecora, 129 AD3d 1021 [2015]). “ ‘There can be more than one proximate cause of an accident’ ” (Lopez v Reyes-Flores, 52 AD3d 785, 786 [2008], quoting Cox v Nunez, 23 AD3d 427, 427 [2005]), and “[generally, it is for the trier of fact to determine the issue of proximate cause” (Kalland v Hungry Harbor Assoc., LLC, 84 AD3d 889, 889 [2011]; see Howard v Poseidon Pools, 72 NY2d 972, 974 [1988]). However, “liability may not be imposed upon a party who ‘merely furnished the condition or occasion for the occurrence of the event’ but was not one of its causes” (Shatz v Kutshers Country Club, 247 AD2d 375, 375 [1998], quoting Sheehan v City of New York, 40 NY2d 496, 503 [1976]; see Hain v Jamison, 28 NY3d 524, 529-530 [2016]; Price v Tasber, 145 AD3d 810, 811 [2016]).
 

 Here, in support of its summary judgment motion, FHGC demonstrated its prima facie entitlement to judgment as a matter of law by presenting evidence that its employees’ conduct in performing work near the roadway merely furnished the condition or occasion for the accident, and was not a proximate cause of the decedent’s injuries. Miketta’s decision to reverse her vehicle and drive back down the one-way street, ultimately striking the decedent, was the sole proximate cause of the accident (see Chowes v Aslam, 58 AD3d 790, 791 [2009]). In opposition, the plaintiff failed to raise a triable issue of fact as to causation.
 

 Accordingly, the Supreme Court properly granted FHGC’s motion for summary judgment dismissing the complaint insofar as asserted against it.
 

 Chambers, J.P., Miller, Hinds-Radix and LaSalle, JJ., concur.