Christophel v New York-Presbyterian/Weil Med. Coll. of Cornell Univ. Anesthesiology Residency Training Program (2019 NY Slip Op 03011)





Christophel v New York-Presbyterian/Weil Med. Coll. of Cornell Univ. Anesthesiology Residency Training Program


2019 NY Slip Op 03011


Decided on April 23, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 23, 2019

Renwick, J.P., Gische, Webber, Singh, JJ.


9079 154413/13 595632/14

[*1]Thomas H. Christophel, etc., Plaintiff-Appellant,
v
New York-Presbyterian/Weil Medical College of Cornell University Anesthesiology Residency Training Program, et al., Defendants, Bridge Back to Life, Defendant-Respondent.
Bridge Back to Life Center, Inc., Third-Party Plaintiff-Respondent,
The New York Presbyterian Hospital, Third-Party Defendant.


Leland T. Williams, Rochester, for appellant.
Lewis Brisbois Bisgaard & Smith LLP, New York (Peter T. Shapiro of counsel), for respondent.



Order, Supreme Court, New York County (Joan A. Madden, J.), entered on or about January 22, 2018, which, to the extent appealed from as limited by the briefs, granted the motion of defendant/third-party plaintiff Bridge Back to Life Center, Inc., for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
The record amply demonstrates that decedent repeatedly denied suicidal ideation, and none of her treating doctors, family, friends, or colleagues had any suspicion that she was at risk of suicide. Since there was no indication that decedent was suicidal, and both parties' experts agreed that decedent's decision to commit suicide was an "impulsive" act, Bridge Back to Life Center cannot be held liable for decedent's death as a foreseeable injury of the alleged negligence (Morillo v New York City Health & Hosps. Corp., 166 AD3d 525 [1st Dept 2018]; see also Hain v Jamison, 28 NY3d 524, 531-532 [2016]; Cygan v City of New York, 165 AD2d 58, 67 [1st Dept 1991], lv denied 78 NY2d 855 [1991]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 23, 2019
CLERK