Sauceda-Ocampo v H&M Hennes & Mauritz LP (2019 NY Slip Op 08140)





Sauceda-Ocampo v H&M Hennes & Mauritz LP


2019 NY Slip Op 08140


Decided on November 12, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 12, 2019

Acosta, P.J., Renwick, Manzanet-Daniels, Singh, JJ.


10325 158613/12

[*1] Reynaldo Sauceda-Ocampo, Plaintiff,
v
H & M Hennes & Mauritz LP, H & M, Defendant-Appellant, DSJ Port Logistics Group, doing business as JAFCO, Defendant-Respondent.


Marshall Dennehey Warner Coleman & Goggin, New York (Daniel W. Levin of counsel), for appellant.
Law Offices of Tromello & Fishman, Latham (Alfred T. Lewyn of counsel), for respondent.



Supreme Court, New York County (Kelly A. O'Neill Levy, J.), entered June 12, 2018, which denied defendant H & M Hennes & Mauritz L.P., H & M's (H & M) motion for summary judgment dismissing the complaint as against it and on its cross claim for contractual indemnification against codefendant DSJ Port Logistics Group d/b/a JAFCO (DSJ), unanimously affirmed, without costs.
This is not one of those rare cases where proximate cause can be found to be lacking as a matter of law (see Hain v Jamison, 28 NY3d 524, 528-530 [2016]). H & M failed to establish, as a matter of law, that a missing wheel on its hanger cage could not have caused the accident, or that plaintiff's actions served as an intervening act (id. at 531-532).
H & M failed to make a prima facie showing that it lacked actual or constructive notice of defective wheels on its hanger cages, in light of its employee's testimony that each year several cages were sent to the warehouse to repair loose wheels (see Rosario v Prana Nine Props., LLC, 143 AD3d 409, 410 [1st Dept 2016]; Li Xian v Tat Lee Supplies Co., Inc., 170 AD3d 538, 539 [1st Dept 2019]).
Although the record supports a valid line of reasoning from which a jury could conclude that plaintiff's own negligent actions caused or contributed to his damages, there is no basis upon which to resolve that issue as a matter of law (Johnson v New York City Tr. Auth., 88 AD3d 321, 324-325 [1st Dept 2011]). Thus, H & M has failed to prove that its negligence was not the sole proximate cause of the accident, and the court properly denied its summary judgment motion to the extent it sought contractual indemnification from DSJ.
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: NOVEMBER 12, 2019
CLERK