Cruz v City of New York (2020 NY Slip Op 02887)





Cruz v City of New York


2020 NY Slip Op 02887


Decided on May 14, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 14, 2020

Friedman, J.P., Gische, Kapnick, González, JJ.


11525 26699/16E

[*1] Edwin Cruz, etc., Plaintiff-Respondent,
v
The City of New York, et al., Defendants-Respondents-Appellants, Simpson Street Development Association, Inc., Defendant-Appellant-Respondent, Johan A. Vargas-Paulino, Defendant.


Lewis Brisbois Bisgaard & Smith LLP, New York (Nicholas P. Hurzeler of counsel), for appellant-respondent.
Schnader Harrison Segal & Lewis LLP, New York (Carl J. Schaerf of counsel), for respondents-appellants.
McMahon & McCarthy, Bronx (Daniel C. Murphy of counsel), for respondent.



Order, Supreme Court, Bronx County (John R. Higgitt, J.), entered May 13, 2019, which, to the extent appealed from as limited by the briefs, denied defendant Simpson Street Development Association, Inc.'s (SSDA) and defendants City of New York and New York City Board/Department of Education's (collectively, the City) motions for summary judgment dismissing the complaint as against them, unanimously affirmed, without costs.
The infant was injured after he was released from an after-school program run by defendant SSDA at a City middle school in the Bronx through an exit onto Fox Street. He and his brother and a few friends began playing a game involving chasing people and giving them bear hugs; to avoid hugging a certain friend, the infant ran across Fox Street and was struck by a vehicle.
Defendants established that the infant had been released from the school before the accident happened, but they failed to demonstrate as a matter of law that Fox Street was a safe spot or was not a foreseeably hazardous setting (see Ernest v Red Cr. Cent. School Dist., 93 NY2d 664, 671-672 [1999]; Donofrio v Rockville Ctr. Union Free Sch. Dist., 149 AD3d 805, 806 [2d Dept 2017]; Diaz v Brentwood Union Free Sch. Dist., 141 AD3d 556, 558 [2d Dept 2016]). Contrary to SSDA's contention, plaintiff is not required to establish that the allegedly hazardous situation resulted from the violation of a statute or regulation (see Ernest at 671; see also Deng v Young, 163 AD3d 1469, 1470 [4th Dept 2018]).
Defendants failed to demonstrate as a matter of law that the infant and his brother were provided with a safe alternative exit on another street. An affidavit and documents submitted with SSDA's motion indicate that the exit had been changed to Fox Street from a street that had signs, a lower speed limit, and speed bumps, and that the infant was escorted to the Fox Street exit by SSDA personnel. The statements contained in an affidavit by one of SSDA's employees, that the City alone was responsible for changing the exits, is, on this record, conclusory (see Sirico v F.G.G. Prods., Inc., 71 AD3d 429, 434 [1st Dept 2010]).
Defendants failed to demonstrate as a matter of law that the infant's own actions in entering the street were the sole proximate cause of the accident (see generally Hain v Jamison, 28 NY3d 524, 530 [2016]). One of the factors relevant in assessing cause is the spacial and [*2]temporal proximity between the alleged negligent act and the accident (id.). In addition, the use of multiple different safety measures at the other exit location is evidence that the type of accident that occurred in this case was foreseeable (see id.; Ernst, 93 NY2d at 672; see also Mamadou S. v Feliciano, 123 AD3d 610 [1st Dept 2014]).
The court providently exercised its discretion in denying the motions in part because they were premature, having been filed while defendants' depositions and other discovery remained outstanding (see generally Global Mins. & Metals Corp. v Holme, 35 AD3d 93, 102-103 [1st Dept 2006], lv denied 8 NY3d 804 [2007]; see also Brewster v Skiba, 22 AD3d 426, 426 [1st Dept 2005]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 14, 2020
CLERK