Patton v Genito (2022 NY Slip Op 01251)





Patton v Genito


2022 NY Slip Op 01251


Decided on February 24, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 24, 2022

Before: Webber, J.P., Kern, Moulton, González, Mendez, JJ. 


Index No. 23388/18E Appeal No. 15377 Case No. 2021-01531 

[*1]Britta W. Patton, Plaintiff-Respondent,
v
Marco A. Genito et al., Defendants-Appellants.


Law Offices of Kevin P. Westerman, Elmsford (Gregory Perrotta of counsel), and Law Offices of Brian Rayhill, Elmsford (Gregory Perrotta of counsel), for appellants.
Trolman Glaser Corley & Lichtman, P.C., New York (Morgan A. Corley of counsel), for respondent.



Order, Supreme Court, Bronx County (Mary Ann Brigantti, J.), entered on or about April 6, 2021, which granted plaintiff's motion for summary judgment on the issue of liability and dismissing defendants' affirmative defense of comparative negligence, unanimously affirmed, without costs.
In opposition to plaintiff's prima facie showing of entitlement to summary judgment, defendants failed to submit admissible evidence demonstrating a triable issue of fact, by offering a "nonnegligent explanation for the accident, or a nonnegligent reason for [their] failure to maintain a safe distance between [their] car and the lead car" (Woodley v Ramirez, 25 AD3d 451, 452 [1st Dept 2006]). Defendant Genito, who had been precluded by the court from submitting an affidavit in opposition to any summary judgment motion due to his failure to complete his deposition testimony, did not submit any evidence in opposition to the motion. In addition, the affidavit submitted by Suzanne Tartnack, on behalf of defendant K.I.T. Transportation, Inc. setting forth the details of the accident as told to her by Genito, constituted inadmissible hearsay. Contrary to defendants' argument, the "Drivers' Accident Report" attached to Tartnack's affidavit containing Genito's description of the accident likewise recites hearsay and is not admissible under the business record exception to the hearsay rule (see People v Cratsley, 86 NY2d 81, 89 [1995]; see also People v Kennedy, 68 NY2d 569, 580 [1986]).
We have considered defendants' remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 24, 2022