Bristol v Biser (2024 NY Slip Op 04370)

Bristol v Biser

2024 NY Slip Op 04370

Decided on September 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ROBERT J. MILLER
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2020-03287
 (Index No. 507792/18)

[*1]Aritha Bristol, appellant, 
v
Krystyne M. Biser, et al., respondents.

Moses Law Office of New York PLLC, New York, NY (Manuel Moses of counsel), for appellant.
James F. Butler, Jericho, NY (Nancy S. Goodman of counsel), for respondents Krystyne M. Biser and Takashi Usui.
Milber Makris Plousadis & Seiden LLP, Woodbury, NY (Lorin A. Donnelly of counsel), for respondent Lenox180, LLC.

DECISION & ORDER
In an action, inter alia, to recover damages for negligence and negligent infliction of emotional distress, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated March 4, 2020. The judgment, upon an order of the same court dated February 5, 2020, granting the motion of the defendants Krystyne M. Biser and Takashi Usui and the separate motion of the defendant Lenox180, LLC, for summary judgment dismissing the complaint insofar as asserted against each of them, is in favor of the defendants and against the plaintiff dismissing the complaint.
ORDERED that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
On December 31, 2017, the plaintiff and her family were required to evacuate an apartment building located at 180 Lenox Road, which was owned by the defendant Lenox180, LLC (hereinafter Lenox180), due to a fire in the building. The fire allegedly was started because the building's superintendent was roasting a pig in the basement. After leaving the building and waiting in their car for approximately 15 minutes, the plaintiff and her family moved the car and parked on Lenox Road. While walking back to the building, the plaintiff allegedly slipped and fell on an icy condition on the sidewalk in front of a house located at 152 Lenox Road, which was owned by, among others, the defendants Krystyne M. Biser and Takashi Usui (hereinafter together the homeowners).
Thereafter, the plaintiff commenced this action, inter alia, to recover damages for negligence and negligent infliction of emotional distress. Following the completion of discovery, the homeowners and Lenox180 separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. In an order dated February 5, 2020, the Supreme Court granted both motions. A judgment dated March 4, 2020, was entered, upon the order, in favor of the defendants and against the plaintiff dismissing the complaint. The plaintiff appeals.
"In general, a real property owner or a party in possession or control of real property will be held liable for a slip-and-fall accident involving snow and ice on its property only when it created the dangerous condition which caused the accident or had actual or constructive notice [of it]" (Elizee v Village of Amityville, 172 AD3d 1004, 1004; see Canciani v Stop & Shop Supermarket Co., LLC, 203 AD3d 1011, 1014). "Accordingly, a property owner seeking summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (Forbes v Equity One Northeast Portfolio, Inc., 212 AD3d 777, 779 [internal quotation marks omitted]).
Here, the homeowners established, prima facie, that they did not create the alleged icy condition or have actual or constructive notice of its existence (see Zimmer v County of Suffolk, 190 AD3d 898, 899; Elassad v Nastasi, 165 AD3d 1040, 1041). In opposition, the plaintiff failed to raise a triable issue of fact (see Bombino-Munroe v Church of St. Bernard, 163 AD3d 616, 618). Given that the plaintiff could not describe the size or shape of the alleged icy condition, the plaintiff's contentions about how or when the condition formed were speculative (see McDonnell v Our Lady of Mercy R.C. Church, 209 AD3d 729, 730; Elassad v Nastasi, 165 AD3d at 1041).
In addition, the Supreme Court properly granted Lenox180's motion for summary judgment dismissing the complaint insofar as asserted against it. "'A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident'" (Kirby v Lett, 208 AD3d 1174, 1175, quoting Boulos v Lerner-Harrington, 124 AD3d 709, 709). "There can be more than one proximate cause of an accident, and generally, it is for the trier of fact to determine the issue of proximate cause" (Blake v Francis, 205 AD3d 671, 672 [alterations and internal quotation marks omitted]). However, proximate cause may determined as a matter of law where "a defendant's negligence merely created the opportunity for, but did not cause, the event that resulted in harm" (Hain v Jamison, 28 NY3d 524, 530; see Hayes v County of Suffolk, 222 AD3d 950, 952; Porcasi v Oji, 220 AD3d 899, 900-901).
Here, Lenox180's submissions established, prima facie, that the alleged negligence committed by the superintendent in roasting a pig in the basement of the apartment building was not a proximate cause of the plaintiff's fall (see Landsman v Tolo, 194 AD3d 1034, 1035; Estate of Goldstein v Kingston, 153 AD3d 1235, 1236). In particular, "the risk created by the original [alleged] negligence was not the risk that materialized into harm" (Hain v Jamison, 28 NY3d at 531). Moreover, when the plaintiff fell, after leaving the building and then waiting in and moving her car, Lenox180's alleged negligence had ceased and "merely fortuitously placed the plaintiff in a location or position in which a secondary and separate instance of [alleged] negligence acted independently upon the plaintiff to produce harm" (id. at 532). In opposition, the plaintiff failed to raise a triable issue of fact as to whether her injuries were proximately caused by the superintendent's alleged negligence.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
BARROS, J.P., MILLER, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court