| |
|---|
| **Kaufman v Starbucks Corp.** |
| 2025 NY Slip Op 31614(U) |
| May 2, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 152147/2022 |
| Judge: Emily Morales-Minerva |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. EMILY MORALES-MINERVA            PART            42M

*Justice*

------------------------------------------------------------------X

CAROL KAUFMAN

INDEX NO.            152147/2022

Plaintiff,

MOTION DATE            03/23/2025

- v -

MOTION SEQ. NO.            002

STARBUCKS CORPORATION,

**DECISION + ORDER ON MOTION**

Defendant.

------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 002) 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55

were read on this motion to/for            SUMMARY JUDGMENT            .

APPEARANCES:

> The Barnes, PC, New York, NY (Steven Michael Fleckner, Esq., of counsel), for plaintiff.

> Wilson Elser Moskowitz Edelman & Dicker LLP, New York, NY (George N. Tompkins, Esq., of counsel), for defendant.

EMILY MORALES-MINERVA, J.S.C:

In this negligence action, defendant STARBUCKS CORPORATION (defendant) moves, by notice of motion (sequence number 002), for an order of summary judgment, dismissing the complaint of plaintiff CAROL KAUFMAN (plaintiff) (see CPLR § 3212 [governing summary judgment]). Plaintiff submits written opposition.

Now, for the reasons set forth below, the Court denies defendant's application in its entirety.

[* 1]

BACKGROUND

Plaintiff CAROL KAUFMAN alleges that, on or around July 08, 2021, she entered a store known as Starbucks, to purchase food and drink. Defendant STARBUCKS CORPORATION operated the store, which was located at 3rd Avenue and 23rd Street, New York, New York (premises).

According to plaintiff, after placing her order, she moved along to the store's pickup counter where several people stood to her left, to her right, and to her back (see New York State Court Electronic Filing System [NYSCEF] Doc No. 47, Deposition tr. of Carol Kaufman at 29, lines 8-25; at 30, lines 10-25; at 31, lines 2-14; at 35, lines 9-17).

Once plaintiff received her order, she turned to leave the store, experienced a collision, and landed on the floor; plaintiff attests that she did not see who she collided with and that her collision could have been with more than one person (see id. at 35, lines 11-24; at 36, lines 2-23).

At or around eight months later, plaintiff commenced this action for negligence against defendant (NYSCEF Doc. No. 01, Summons and Complaint, dated March 08, 2022).[1] She maintains

---

[1] Plaintiff initially included 296 THIRD AVENUE REALTY CORP. and IAB MANAGEMENT INC. as defendants in this action. However, she discontinued the action against these two entities, and the court (L.S. Headley, J.S.C.) directed the caption be changed to reflect Starbucks as the sole remaining defendant (see NYSCEF Doc. Nos. 30, Stipulation of Discontinuance Without

152147/2022  KAUFMAN, CAROL vs. STARBUCKS CORPORATION ET AL
Motion No. 002

Page 2 of 8

2 of 8

that defendant owed her a duty to keep the store in a reasonably safe condition and that defendant breached that duty in permitting the overcrowding, which proximately caused her personal injuries (id.). As for damages, plaintiff broadly seeks "an amount which exceeds the monetary jurisdictional limits of all lower New York State Courts" plus costs and disbursements (id.; see also CPLR § 3017 [c] [governing demands for relief made in personal injury actions]).

Defendant submits an answer, asserting 12 affirmative defenses (see NYSCEF Doc. No. 008, Answer). Among these defenses are intervening and superseding cause, and plaintiff's negligence or culpable conduct (see id. at ¶ 48, 50). The parties completed discovery, and plaintiff filed note of issue on June 27, 2024.

Thereafter, defendant timely filed the instant motion (seq. no. 002), seeking an order, pursuant to CPLR § 3212, granting it summary judgment for lack of proximate cause. Relying on plaintiff's deposition testimony, defendant asserts that plaintiff fell and sustained injuries because another customer bumped into her, not because of overcrowding (see NYSCEF Doc. No. 42, Affirmation in Support by Defendant's Counsel, dated October 24, 2024; see also NYSCEF Doc. 47, Deposition Transcript

---

Prejudice, dated March 03, 2023, and No. 33, Decision and Order, dated March 24, 2023).

152147/2022   KAUFMAN, CAROL vs. STARBUCKS CORPORATION ET AL          Page 3 of 8
Motion No. 002

3 of 8

of plaintiff Carol Kaufman, dated August 22, 2023). In further support of this proposition, defendant submits the deposition transcript of Eva Clas Mendez -- a barista employed at the subject store. Therein, the barista attests that the store received no complaints about overcrowding prior to plaintiff's fall (see NYSCEF Doc. No. 48, Deposition Transcript of Eva Clas Mendez, dated April 23, 2024).

Plaintiff counters that material issues of fact exist, precluding summary judgment. She identifies these issues as including if the premises were overcrowded on the date and time of the incident and if plaintiff was capable of safely exiting the premises when she fell (see NYSCEF Doc. No. 51, Plaintiff's Affirmation in Opposition). While conceding that she collided with someone(s), plaintiff maintains that the foreseeable overcrowding of the subject store was an unsafe condition that caused her injury (see id.).

ANALYSIS

Summary judgment is a drastic remedy which should only be employed when there is no doubt as to the absence of triable issues (see Andre v Pomeroy, 35 NY2d 361, 364 [1975]; see also Bronx-Lebanon Hosp. Ctr. V Mount Eden Ctr., 161 AD2d 480 [1st Dept 1990]). "On a motion for summary judgment, the moving party

152147/2022  KAUFMAN, CAROL vs. STARBUCKS CORPORATION ET AL          Page 4 of 8
Motion No.  002

4 of 8

[* 4]

must 'make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (Nomura Asset Capital Corp. v Cadwalader, Wickersham & Taft LLP, 26 NY3d 40, 49 [2015], citing Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]; CPLR § 3212[b]).

Such evidence "shall" include an "affidavit . . . that shall be by a person having knowledge of the facts; it shall recite all the material facts; and it shall show . . . that the cause of action or defense has no merit" (CPLR § 3212 [b]; see also Saunders v J.P.Z. Realty, LLC, 175 AD3d 1163, 1164 [1st Dept 2019], citing GTF Mktg. v Colonial Aluminum Sales, 66 NY2d 965, 967 [1985]). "[A]n affidavit by an individual without personal knowledge of the facts does not establish the proponent's prima facie burden" (Saunders, 175 AD3d at 1164, citing Vermette v Kenworth Truck Co., 68 NY2d 714 [1986]).

The court must view the facts in the light most favorable to the non-movant, giving it the benefit of all reasonable inferences (see De Lourdes Torres v Jones, 26 NY3d 742 [2016]). "Summary judgment is inappropriate in any case where there are material issues of fact in dispute or where more than one conclusion may be drawn from the established facts" (Friends of

Thayer Lake LLC v Brown, 27 NY3d 1039, 1043 [2016], citing Kriz v Schum, 75 NY2d 25, 33-34 [1989]).

To establish a claim of negligence, a plaintiff must prove (1) that the defendant owes a duty of care to the plaintiff, (2) that defendant breached that duty, and (3) that the breach proximately caused plaintiff's injury (see Moore Charitable Foundation v PJT Partners, Inc., 40 NY3d 150, 157 [2023], citing Pasternack v Laboratory Corp. of Am. Holdings, 27 NY3d 817, 825 [2016]).

"A defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Hurst v Belomme, 142 AD3d 642 [2d Dept 2016]; see also Mazella v Beals, 27 NY3d 694, 706 [2016][providing that "a defendant's negligence qualifies as a proximate cause where it is a substantial cause of the events which produced the injury"], quoting Derdiarian v Felix Contr. Corp., 51 NY2d 308 [1980]).

The question of proximate cause is uniquely fact-specific where the acts of a third party intervene between the defendant's conduct and the plaintiff's injury; therefore, such question is generally "best left for the factfinder" (see Hain v Jamison, 28 NY3d 524, 530 [2016]; see also Derdiarian, 51 NY2d at 314-215). Key is "whether the intervening act is a normal or foreseeable consequence of the situation" that defendant's

[* 6]

conduct created (Hain, 28 NY3d at 529, quoting Mazella, 27 NY3d at 706 [emphasis in original]).

"It is only where the intervening act is extraordinary under the circumstances. . ., or independent of or far removed from the defendant's conduct that it may possibly break the causal nexus between the defendant's negligence and plaintiff's injury (Hain, 28 NY3d at 529, quoting Mazella, 27 NY3d at 706 [internal quotation marks removed]). Further, as there may be more than one proximate cause of any injury, that "other persons share some responsibility for [a] plaintiff's harm does not absolve [a] defendant from liability" (Mazella, 27 NY3d at 706; Argentina v Emery World Wide Delivery Corp., 93 NY2d 554, 560 n 2 [1999]).

Applying these principles here, defendant has failed to meet its burden. It submits only the affirmation of defendant's counsel who has no demonstrated personal knowledge of the incident (see generally Matter of Jaime v City of New York, 41 NY3d 531, 542 [2024] [relying on Zuckerman v City of New York, 49 NY2d 557, 563 [1980], which established that "the bare affirmation of (an) attorney who demonstrates no personal knowledge of the manner in which the accident occurred . . . is without evidentiary value and unavailing"]; see also CPLR § 3212 [b]).

Defendant's reliance on the deposition transcript of its barista is equally misplaced. Therein, the barista attests that -- while she worked at the store on the day of the incident -- she was not present when it happened (see NYSCEF Doc No. 48, Mendez's Deposition Tr. at 20, lines 7-17). The barista only "heard about it" hours later when she arrived for her shift (id. at 27, lines 17-25; at 28, lines 2-17; see also Patton v Genito, 202 AD3d 631, 632 [1st Dept 2022] [affidavit submitted by non-party on behalf of defendant setting forth the details of the accident as told to her by defendant constituted inadmissible hearsay]).

Finally, plaintiff's concession that she felt a collision prior to falling is not determinative of proximate cause (see Mazella, 27 NY3d at 706).

Accordingly, it is hereby

ORDERED that motion (sequence no. 002) of defendant STARBUCKS CORPORATION for an order of summary judgment is denied entirely.

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

05/02/2025
**DATE**

EMILY MORALES-MINERVA, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**152147/2022 KAUFMAN, CAROL vs. STARBUCKS CORPORATION ET AL** Page 8 of 8
**Motion No. 002**