Moise v City of New York (2025 NY Slip Op 03138)

Moise v City of New York

2025 NY Slip Op 03138

Decided on May 22, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 22, 2025

Before: Kern, J.P., González, Rodriguez, Pitt-Burke, Higgitt, JJ. 

Index No. 160384/19|Appeal No. 4409|Case No. 2024-01964|

[*1]Chanelle A. Moise, Plaintiff-Respondent,
v
The City of New York, Defendant-Respondent, The Chapin School, Defendant-Appellant.

Molod Spitz & DeSantis, P.C., New York (Dennis J. Monaco of counsel), for appellant.
Law Office of Elizabeth Eilender, New York (Elizabeth Eilender of counsel), for Chanelle A. Moise, respondent.
Muriel Goode-Trufant, Corporation Counsel, New York (Martin K. Rowe, III of counsel), for The City of New York, respondent.

Order, Supreme Court, New York County (Hasa A. Kingo, J.), entered February 22, 2024, which, insofar as appealed from, denied the motion of defendant The Chapin School (Chapin) for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
Summary judgment was properly denied in this action where plaintiff was injured when, while standing underneath monkey bars in Schurz Park in Manhattan, a group of other Chapin students climbed atop the monkey bars, which then collapsed. Sufficient evidence was presented to raise a triable issue of fact as to whether the school was aware of, facilitated, or sponsored the photo shoot in Schurz Park where plaintiff was injured. The evidence showed that school staff provided the camera and uniforms that were worn by the graduating seniors and that student yearbook staff took the pictures on the monkey bars with the knowledge of Chapin's employees. Plaintiff and the Parks Department supervisor testified that Chapin students regularly utilized the playground equipment during recess and for school-sponsored events, and plaintiff and the head of the upper school stated that the graduating seniors' photo for the yearbook was a tradition. Plaintiff stated that she had seen several photos from years past where the students were on top of the monkey bars (see Stephenson v City of New York, 19 NY3d 1031, 1034 [2012]). Moreover, a jury might reasonably conclude that it was foreseeable that the 11 seniors would climb on and around the monkey bars to replicate photos from prior years (see A.R. v City of New York, 171 AD3d 589, 590 [1st Dept 2019]).
Chapin also failed to demonstrate as a matter of law that Schurz Park was not a foreseeably hazardous area. This is particularly so given the condition of the monkey bars as described by plaintiff and the City's inspection reports (see Cruz v City of New York, 183 AD3d 466, 467 [1st Dept 2020]).
An issue of fact was further presented concerning whether Chapin unreasonably increased the risks to its students by failing to supervise the event and leaving crucial decisions to the students themselves (see Traficenti v Moore Catholic High School, 282 AD2d 216 [1st Dept 2001]). Although plaintiff was 18 years old, there was sufficient evidence from which a jury could conclude that the accident was caused, at least in part, by the conduct of the other students, who were unsupervised minors and who elected to climb on top of the monkey bars while plaintiff and others were standing underneath.
We have considered Chapin's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 22, 2025