Chiappa v Port Auth. of N.Y. & N.J.

2026 NY Slip Op 03227

May 21, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Michael C. Chiappa et al., Plaintiffs-Appellants,

v

The Port Authority of New York and New Jersey et al., Defendants-Respondents.

Decided and Entered: May 21, 2026

Index No. 805328/22|Appeal No. 6686|Case No. 2025-05820|

Before: Kennedy, J.P., Scarpulla, Mendez, Rodriguez, Rosado, JJ.

Horn Appellate Group, P.C., Brooklyn (Christen Giannaros of counsel), for appellants.

Gerber Ciano Kelly Brady LLP, Garden City (Brendan T. Fitzpatrick of counsel), for respondents.

[*1]

Order, Supreme Court, Bronx County (Myrna Socorro, J.), entered September 24, 2025, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment insofar as it sought dismissal of the Labor Law § 200 and common-law negligence claims and the Labor Law § 241(6) claim, unanimously modified, on the law, to the extent of reinstating the Labor Law § 200 and common-law negligence claims as against defendant Delta Air Lines, Inc. and reinstating the Labor Law § 241(6) claim as against all defendants, and otherwise affirmed, without costs.

Plaintiff Michael C. Chiappa alleges that he was injured while working on a construction project at LaGuardia Airport; the airport was owned by defendant Port Authority of New York and New Jersey, which in turn leased it to Delta. Plaintiff testified at his deposition that the superintendent for Delta, which was constructing a new terminal building and concourse, instructed him to move 10 crates of construction material, each weighing around 400 pounds, across an expansion joint. To accomplish this task, plaintiff and a coworker had to wheel pallet jacks over a ramp that Delta had installed. As the crates were being moved, one of them got stuck on the ramp, and plaintiff was injured when he and his coworker tried to lift the stuck crate.

Supreme Court should not have dismissed the Labor Law § 241(6) claim because defendants failed to establish prima facie entitlement to summary judgment on that claim. On the contrary, the record at a minimum contains an issue of fact as to whether defendants violated Industrial Code § 23-1.22(b)(1) by providing a ramp that was not secured. Plaintiff's coworker testified at his deposition that the plywood ramps "flap[ped] around" when the workers crossed over them, and plaintiff's supervisor testified that the ramps "c[a]me loose" and "start[ed] peeling up" because they were warped. That the ramp failed to withstand the weight of the pallet jack and crate demonstrates that it was not adequately constructed (see Solarte v Brearley Sch., 238 AD3d 541, 542 [1st Dept 2025]).

The Labor Law § 200 and common-law negligence claims against Delta should be reinstated. Plaintiff's injury was caused by the means and methods of the work, and there is evidence in the record raising issues of fact regarding Delta's control over the work such that it may be liable for common-law negligence or a violation of Labor Law § 200 (see Rohan v Turner Constr. Co., 142 AD3d 887, 887 [1st Dept 2016]).

[*2]

Further, Supreme Court erred in finding that plaintiff was the sole proximate cause of his injuries. Even assuming plaintiff was negligent, his negligence can constitute at most comparative negligence (Blake v Neighborhood Hous. Servs. of New York City, Inc., 1 NY3d 280, 290 [2003]; Perez v 1334 York, LLC, 234 AD3d 455, 456 [1st Dept 2025]). There are issues of fact as to whether plaintiff's decision to try to lift the crate after the ramp failed was a proximate cause of the accident. Plaintiff testified that the supervisor directed the crates to be moved "today, like now." Half of the 400-pound crate was still on the pallet jack when plaintiff tried to lift it, and plaintiff was lifting the crate with a coworker, who testified that their plan to lift the crate was a "no-brainer." Defendants failed to establish as a matter of law that any of the proposed alternative methods for moving the crate would have been feasible or reasonable and would have prevented the accident (see Kittelstad v Losco Group, Inc., 92 AD3d 612, 613 [1st Dept 2012]). There are also issues of fact regarding whether plaintiff's decision to lift the crate without waiting for additional help was a foreseeable consequence of defendants' failure to provide a secure ramp (see Hain v Jamison, 28 NY3d 524, 529 [2016]).

Finally, it is for the factfinder to resolve whether plaintiff's conduct in trying to lift the crate was a superseding cause or a foreseeable consequence of defendants' conduct (see Derdiarian v Felix Contr. Corp., 51 NY2d 308, 315 [1980]).

THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.

ENTERED: May 21, 2026